Gibson, J.
delivered the opinion of the court.
It is at once evident, that the averment of having tendered a conveyance on the 24th December, 1818, or any other day subsequent to the 1st of May, 1813, was immaterial, and one which the plaintiff was not bound to prove. By the articles, he was bound in the alternative to make the conveyance on the 1st of May, 1813, or, as an equivalent, to give security to make it on the 1st of May, 1815. He chose the latter, and fulfilled his covenant by giving the security. As far then as respected his title to sue on the articles, he was under no necessity to execute a conveyance at all; the defendant had taken security for the conveyance, and was bound to rely on it. This, therefore, was an immaterial part of the issue, and an error in the trial of it could not prejudice the defendant. But again; take it that the plaintiff was bound by the articles to make the conveyance-on 1st of May, 1815, still, performance of that covenant would not be a condition precedent. If there is any certain rule to be extracted from the critical distinctions, and jarring decisions in the eases on this head, it is, that if a day be appointed for the payment of money, or part of it, or for the doing of any other act or thing, and the day must or may happeli before the thing which is the consideration of the money or other act, is to be performed, an action may be brought for the money, or for not doing such other act, before performance of the act which was the consideration of that for which the suit is brought; because, from the very nature of the thing, it is apparent that the party has relied on his remedy,’without intending to make the performance by the other party a condition precedent. Now, 400 dollars of the purchase-money were to be paid, and 1000 gallons of the whiskey to be delivered before the 1st of May, 1815, when it is said, the plaintiff was bound by his covenant to make the title. So that the averment of having tendered the conveyance in 181S, would still have been immaterial; and the same consequences would still have *451 resulted; namely, that an error, in the trial of a part of the issue, which is altogether immaterial, and which therefore can prejudice no one, will not be used as an instrument of reversal, there being another and material averment in the declaration, which is sufficient to determine the merits of the cause. But, independent of all this, the plaintiff had averred a tender in 1818, and the defendant had traversed it; and it thus actually formed part of the issue which the jury were empanelled to try. I, therefore, cannot see on what ground the defendant could object to evidence of a fact which he himself had put in issue.
Most of these remarks are equally applicable to the exceptions taken to the evidence given by the plaintiff, in deducing the title from Walter Stewart, the grantee of the commonwealth, down to the plaintiff himself. These exceptions all rest on the ground, either that the acknowledgment of the intermediate conveyances is insufficient to bar the dower of the wives of the respective grantors, or that the deeds pass only an equitable title, or that, not having been recorded, they are binding only between the original parties, and afford no security against subsequent purchasers without notice. Granting, for the sake of argument, that all this is true in the abstract, still, this part of the inquiry being altogether immaterial, I cannot see how the admission of incompetent evidence, which can prejudice no one, can be successfully assigned tor' error here. But, even if the averment had been material, still the evidence, as far as it went, was directly in support of the issue. Is it an objection to the competency of evidence, that it does not fully make out the fact in proof of which it is offered ? Where evidence is altogether irrelevant, no one will doubt that it should be promptly rejected ; but I abhor a practice which has grown common, of attempting to have every question of law that can be raised in the cause decided on exceptions to evidence. This excites counsel to finesse, and to a perpetual effort to trick the court into some trivial error, as a means of getting the judgment reversed, if the verdict should be adverse. - The rules of evidence, when fairly and reasonably applied, are safe guides to the attainment of truth, but an overstrained nicety in their application, would often be the means of setting: aside judgments, where substantial justice has been done; of exhausting the patience and the purses of suitors thus foiled in the pursuit of fair and conscionable demands; and of rendering the supervising power of this court a public grievance, instead of a public good.
After this, the plaintiff, with a view to the question of damages, offered evidence of the current price of whiskey during the years 1814,1815,1816, and 1817, which was objected to, on the ground that nothing was demandable till after a tender of a conveyance, and consequently, that the evidence ought to have been directed to the current pi’ice in the year 1S18» What has already been said *452 is an answer to this. A tender of a conveyance under the circumetaoces was not a condition precedent; and the whiskey was demandable in all those years to which the evidence was directed. But it is said, the price was fixed by the stipulation of the parties. To this it is but necessary to answer, that the point was well determined, and for satisfactory reasons, which it is unnecessary to repeat, in Meason v. Phillips, Addison’s Rep. 346, a case which I take to be, in ¿11 respects, sound law.
We come to the exceptions to the charge, which are, in substance, but two. 1. In directing the jury that the plaintiff had performed his part of the agreement; and, 2. That the enhancement of the priee of whiskey, by the operation of the excise laws, ought not to affect the quantum of the damages.
What has already been said removes all difficulty with respect to the first exception. But, even if the giving of security, to make the title at a subsequent day, were not a- full performance of the plaintiff’s covenant, it is by no means clear, that he might not maintain this action, on proof of the tender in 1818. The defendant could not refuse to pay the purchase-money, and hold the land. In a case like this, where the contract has been partly executed by delivery of possession, what would a chancellor do? It is a case in which the delay would admit of compensation, and in which tíme is not thn essence of the contract; and, as the plaintiff has adapted his declaration to the true state of the facts,'according to the decision in Jordan v. Cooper, 3 Serg. & Rawle, 564, I can see no obstruction to a recovery, on due proof of a tender in 1818. But the plaintiff having fulfilled his covenant, by giving security to make the title at the day mentioned in the articles, might recover, without any tender of a conveyance at all; and, therefore, if the judge had even been in error as to the ground on which he put this pai’t of the cause, it would have been an error which ought not to affect the judgment.
The remaining point is almost too plain to justify a remark. The defendant was bound to deliver a certain quantity of whiskey on a particular day, and although the current priee of the article is to be the measure of damages, it is contended, that as the price was enhanced by the operation of revenue laws, passed subsequently to the contract, the difference, which is the amount of the duty, ought to be deducted. What has the plaintiff to do with that? It was the defendant’s business to furnish the articles on the best terms for. himself that he could; and if he had actually furnished it, as he was bound to do, he would have had to pay the amount of the duty to the manufacturer, or to government, in case he manufactured it himself; and thus the plaintiff might have turned the article into cash, at the market priee, and duty free. Shall the defendant gain, an advantage by having violated his contract? The accidental rise or fall of t^e article, whether from political re *453 gulations, or physical causes, was a risk, to which each of the parties was exposed, and the event having turned out against the defendant, he must bear the loss.
Other exceptions have been made to the charge, but as there is nothing in them, and as indeed they have not been seriously insisted on, I shall dismiss the cause without further remark.
Judgment affirmed.
Tilghman, C. J. not having heard the argument, gave no opinion.)