[PHILADELPHIA, JANUARY 26TH, 1839.]

## LINN *against* NAGLEE and Another.

### IN ERROR.

1. In assumpsit the plaintiff declared for lumber and other materials furnished at the request of the defendant, for a certain building (describing it;) and averred in the usual terms the defendant's promise to pay. No claim had been filed. It appeared on the trial that the materials had been furnished more than six months before, but within two years from the commencement of the action. The materials were charged in the plaintiff's books to the original owners of the lot, not to the defendant directly. There was some evidence to show that the defendant appeared as owner, and gave orders for the lumber. The judge who tried the cause charged the jury, that it was not necessary to support the action that a claim should have been filed within the six months. *Held*, that though this was a mistake of the law, yet as the judge also charged upon a point made by the defendant, that it was a question of fact for the jury who was the original debtor, and that the action ought to be brought against the original debtor, there was no cause for reversing the judgment.

2. In assumpsit for lumber furnished for a certain building at the request of the defendant, the plaintiff's books of original entries were offered in evidence. The books contained several entries of lumber, furnished for the building; one of them charged to the defendant on account of A. and B. (the original owners of the lot); others charged A. and B. for lumber "got by" the defendant, &c. Evidence was given to show that the defendant had ordered the lumber in question. *Held*, that the entries were admissible to show the amount and price of the articles furnished.

THIS was a writ of error to the District Court of the City and County of Philadelphia, to remove the record of an action on the case brought by Benjamin Naglee and Joseph Naglee, trading under the firm of B. & J. Naglee, against William Linn, to September term, 1834, of that Court.

The first count of the declaration set forth, that " whereas the said William Linn heretofore, to wit, on the first day of August A. D. eighteen hundred and thirty four, at the city and county aforesaid, was indebted to the said Benjamin and Joseph trading as aforesaid, in the sum of five hundred dollars lawful money of the United States, for divers materials and other necessary things before that time found and provided and furnished by the said Benjamin and Joseph, trading as aforesaid, to the said William Linn, and at his special instance and request, to be used and applied by the said William Linn in, upon and about a certain four story stone tenement then being erected and constructed by the said William Linn for a factory, with six two and a half story stone buildings in rear of

said four story building, upon a certain lot of ground in the District of Spring Garden, and the County of Philadelphia, situated at the south-east corner of Hunter st. and Fairmount st. containing in front on said Fairmount street one hundred and twenty feet, and extending of that width east along Hunter ·street 200 feet to the centre of a street 20 feet wide running parallel with said Fairmount street the depth or width of this lot,—bounded north by Hunter street, west by Fairmount street, south by ground of H. J. Linn, and east by said 20 feet wide street; upon the credit of said buildings then being erected and constructed by said William Linn, upon the lot or piece of ground aforesaid: And being so indebted, he the said William Linn, in consideration thereof, afterwards, to wit, on the day and year aforesaid, undertook and then and there faithfully promised the said Benjamin and Joseph trading as aforesaid, to pay them the said sum of money, when he should be thereunto afterwards requested."

The second count was on a *quantum meruit* for lumber and other materials furnished for the same tenements.

The third count was for goods and materials furnished generally.

The defendant pleaded *non assumpsit* and payment, with leave, &c.; and issues being joined on these pleas, the cause came on for trial on the 4th of March, 1835, when the plaintiffs produced their book of original entries; the first entry in which was as follows:

" Dr. Wm. Linn for factory, on account of Williams &
　　Nixon,　　　　　　　　　　　　　　　　　　　$27 45"

The subsequent entries were—

| | |
|---|---:|
| " Dr. Williams & Nixon, got by Linn | 835 18" |
| " Dr. Williams & Nixon, got by W. Linn | 215 75" |
| " Williams & Nixon, got by Linn for factory | 20 08" |
| " Dr. Williams & Nixon | 48 27" |

The defendant's counsel objected to the admission of these entries in evidence; and the plaintiffs then produced a witness who testified that he was employed by the plaintiffs as a carter, and delivered the lumber at the factory to the defendant, who appeared to be the director of the building, and gave orders for other materials. Several letters from the defendant to the plaintiffs, containing orders for lumber for the buildings, were also put in and proved. The book of original entries was then offered again by the plaintiffs, and admitted by the Court, when an exception was taken on the part of the defendant. It was admitted that the title to the lot of ground on which the factory was built, was conveyed to Henry J. Linn by

(Linn *v.* Naglee.)

indenture dated the 13th day of June, 1833, and executed by T. Cadwalader, H. Nixon and H. J. Williams.

The defendant produced a witness who proved that lumber was furnished by the firm of Love & Pickering, for the six small three story houses in the rear of Linn's factory.

The defendant's counsel requested the judge to charge the jury as follows:

" 1. That a lien must be filed before a personal action against any contractor can be maintained, so as to charge the building.

2. That the description in the narr. must correspond with the description of the property, upon the credit of which the lumber was furnished.

3. That the entries charging a factory, are not proof of lumber furnished to a factory and six stone houses.

4. That the evidence of the books, showing the credit not to have been given to William Linn, he is not the *debtor,* and the action under the act of assembly *must* be against the original debtor.

5. That the factory is not so described in the plaintiffs' books so as to charge any building.

6. That no lien can be created unless the charge is specifically against the building, and so entered at the time upon the books of the material man.

7. No action having been commenced within six months, a claim must be shown to have been filed to support the present action.

8. No joint lien is valid."

The learned judge charged the jury in substance as follows:

" 1. That it is not necessary to have filed any lien to support a personal action against a contractor, " so as to charge the building." The building is chargeable in this form of action.

2. This point is right, " The description in the narr. must correspond with the description of the property, upon the credit of which the lumber was furnished."

3. If the houses were so connected with the factory as to be parts of it, then entries charging the factory are " proof of lumber furnished to" the factory and the six small houses parts of it.

4. This action must be brought against the " original debtor." It is a question of fact, whether Linn was the original debtor. The entries in the book do not prevent the plaintiff from showing the truth. They may have been made in this form for the mere purpose

(Linn v. Naglee.)

of charging the building. It is for the jury to say whether Linn was not the original debtor.

5. It is a question of fact, whether the lumber was delivered upon the credit of the houses. It is a question of fact whether the plaintiff intended by the word "factory" "to charge any building" and what buildings. The word 'factory' is sufficiently descriptive, and the jury may find what property the plaintiff intended to charge by the use of the word 'factory,' and what buildings constitute the factory.

6. The charge must be made specifically as stated in this point: the question is, if it has been so made, did the plaintiff by this entry mean to charge, not only the factory itself, but the houses in question? There may be a lien where there was no entry whatever made in a book at the time: the contract creates and constitutes the lien, the books are but evidence of the contract, and the question is whether he plaintiffs have proved by their books, a charge against the property in question.

7. This action may be supported, though no claim has been filed.

8. The question of joint lien does not arise in the case."

The jury found for the plaintiffs on the first and second counts of the declaration; and the defendant took a writ of error, and filed the following specifications.

"1. The Court erred in admitting in evidence—

　1. Entries in books of the defendants in error, which did not charge the plaintiff in error with the materials for the price of which this action was brought.

　2. Entries which described no property whatever, to charge as a lien the property of H. J. Linn, an entire stranger to these proceedings, and whose name is not mentioned in the entries aforesaid.

　3. Entries describing property entirely different from that described and referred to in the narr.

2. The Court erred in charging the jury—

　1. That it was not necessary to have filed any lien to support this action.

　2. That it was a question of fact for them to decide, whether W. Linn was the original debtor,—the books showing the credit to have been given to other persons.

　3. That the jury might find that the credits were given to William Linn, although the books showed the contrary.

　4. That although there was no evidence to alter or contradict the entries in the defendants in error's books, the jury were to

(Linn *v.* Naglee.)

determine whether the lumber was originally furnished upon the credit of the buildings, or of the plaintiff in error.

5. That if the houses were so connected with the factory as to be parts of it, these entries are proof of lumber furnished to the factory and six small houses, and the whole are subject to the lien created by the judgment in this action.

6. That the word " Factory," was sufficient to include six stone houses, (in addition to the cotton factory) though situated at a distance of upwards of 80 feet from the mill.

7. That the jury were left to put a construction upon the entries admitted in evidence by the Court.

8. That the entries above mentioned were sufficient to charge all the property mentioned and described in the narr.

9. That a count to charge the buildings of H. J. Linn, cannot be joined with one to charge the person and estate of William Linn."

Mr. *Williams,* for the plaintiff in error, cited *Hills* v. *Elliott,* (16 *Serg. & Rawle,* 56.)    *Rogers* v. *Klingler,* (3 *Wharton's Rep.* 332.)

Mr. *M'Ilvaine* and Mr. *Mallery, contrà,* cited *Savoy* v. *Jones,* (2 *Rawle,* 343.)

The opinion of the Court was delivered by

SERGEANT, J.—This was an action of assumpsit in the Court below, brought by B. & J. Naglee against William Linn, in which the plaintiffs declared in *indebitatus assumpsit,* for lumber and materials found and provided for the defendant by the plaintiffs, alleging in the first and second counts, that they were to be applied in and about, and were furnished on the credit of a factory and other buildings erected by the defendant, on a lot described.    The fact appeared to be, that the defendant was not the owner of the lot or building, but was merely the contractor engaged by the owner to put up the buildings; and the plaintiffs alleged that the defendant had ordered the materials and used them for that purpose.    No claim had been filed by the plaintiffs within the six months allowed by the act of assembly in relation to the liens of mechanics and others, but the suit was brought within the period of two years from the time of delivering the materials.    Two questions seem to have been discussed in the Court below; and the answers of the Court in relation to them have been assigned as errors here.    First, whether the plaintiffs could in this suit charge the buildings themselves;— secondly, whether the defendant was liable as debtor : and on both these points the Court below answered in favour of the plaintiffs.

It was settled by this Court in the case of *Klingler* v. *Rogers,* (3 *Wharton's Rep.* 332,) that according to the true construction of the act of 28th of March, 1808, and the prior acts, in no case whatever,

(Linn v. Naglee.)

(except where there is a judicial sale of the premises within the two years,) can the plaintiff have recourse to the buildings themselves for work done or materials found, by a *scire facias*, or by a personal action against the contractor, not being the owner, unless the plaintiff has filed his claim within six months from the time when the work was done or the materials found. This is an indispensable prerequisite in every such case. It follows therefore, that as the plaintiffs in the present case had not filed their claim within the six months, that part of the inquiry pursued in the Court below which related to the liability of the buildings for the present debt, was irrelevant to the case: and though the Court below erred in their answers to the questions propounded by the defendant on this head, yet according to the settled law, an error in the trial of a part of the issue, which is altogether immaterial, and which therefore can prejudice no one, will not be used as an instrument of reversal, when there is another and material averment in the declaration, which is sufficient to determine the merits of the cause. *Edgar* v. *Boies*, (11 *Serg. & Rawle*, 451.) That other averment in the declaration was, that the articles had been furnished by the plaintiffs at the defendant's request, and that he promised to pay for them. On this point it is not denied, that the Court charged correctly, namely, that this action must be brought against the original debtor, and that it was a question of fact whether the defendant was the original debtor. We therefore think, the judgment ought not to be reversed for this mistake, more especially as it appears to have been wholly introduced into the cause by the plaintiff in error himself.

A bill of exceptions was taken to the admission in evidence of the plaintiffs' book of original entries, in which the charges were made to William Linn, for factory, on account of Williams & Nixon— to Williams & Nixon, got by Linn—Williams & Nixon, got by W. Linn—Williams & Nixon, got by Linn for factory—Williams & Nixon. It was not, however, till strong evidence had been given by the plaintiffs, tending to show that the defendant had ordered the lumber in question, that these books were admitted by the Court. When they were offered in the first instance, they were rejected, as they showed no charge against the defendant. But after other evidence was given, tending to substantiate such a charge, then we think the books were admissible to show the amount and price of the articles alleged to be the same, which had been already proved.

Judgment affirmed.