[PHILADELPHIA, FEB. 1, 1841.]

## HARTLEY *against* BROOKES.

### IN ERROR.

In an action by a blacksmith to recover for work done, the plaintiff produced a book containing entries, part of which he swore were made by himself not later than the second day in the evening after the work was done, and were partly taken from a slate and partly from his own head. A witness was also produced, who testified that he made some of the entries by copying them from the plaintiff's slate on the evening of the day on which they were made, or in the course of the next day. *Held*, that the book was admissible in evidence.

ERROR to the Common Pleas of Philadelphia County.

This was an action by Brookes to recover the sum of fifty-three dollars twenty-four cents for work and labour done as a blacksmith, and goods sold and delivered by him to Hartley.

At the trial the plaintiff's counsel having opened that he would show that Vansant to whom the goods and work were charged, was only the agent of Hartley, produced a book which the plaintiff stated upon oath was his book of original entries. The plaintiff testified as follows: "part of the entries were made by myself: some were made the first, and some the second day after I had done the work; not later than the second day in the evening;"—and on cross-examination by the defendant's counsel, he said, "These entries were part taken from my head, and part from a slate; I can't tell which from my head and which from the slate: I made the entries on the slate myself, and in the book too." The defendant's counsel objected to the entries being read to the jury, but the Court admitted them; and they were read as follows:—

"John Vansant,
1833, October 26th, Laying broad axe,　　-　　-　　00　87½
1834, March 29th, Ironing York Wagon,　-　　-　　-　28　00."

(Hartley *v.* Brookes.)

To the admission of these entries by the judge, Hartley's counsel excepted.

The counsel of Brookes then offered one Joseph Tillotson, a witness, to prove that he, (the witness,) made certain entries in another book alleged to be the plaintiff's book of original entries, of work alleged to have been done, and goods sold and delivered by Brookes for and to Hartley; and Tillotson being sworn, testified as follows:—

" I know the book: these entries are in my handwriting, copied off Mr. Brookes's slate, on the evening of the day they were made, or the next day, or in the course of the next day, sometimes the same night." Being cross-examined by the defendant's counsel, he said, "I was boarding with him at the time, and did it to help him along with his work; the slate he kept in his shop was my voucher; I copied it from the slate as near as I could; I got my information from the slate." Being re-examined, he said, " I am sure it was his (Brookes's) handwriting; he was not always by when I made the entries." The counsel for the defendant thereupon objected to the entries so made by the witness being read to the jury, the judge admitted them; and they were read to the jury; and the defendant's counsel excepted.

The errors assigned were:—

" 1. That the Court below erred in permitting the entries made by the plaintiff below in his book, from the slate, and set forth in the first bill of exceptions, to be read to the jury as evidence; the entries not being the original entries.

2. That the court erred in permitting the entries set forth in the second bill of exceptions to be read to the jury."

Mr. *Ingraham,* for the plaintiff in error, cited *Ogden* v. *Miller,* (1 *P. A. Browne,* 147.) *Ingraham* v. *Bockius,* (9 *Serg. & Rawle,* 285.) *Kessler* v. *M'Conachy,* (1 *Rawle,* 441.) *Jones* v. *Long,* (3 *Watts,* 326.) *Forsyth* v. *Norcross,* (5 *Watts,* 432.) *M'Coy* v. *Lightner,* (2 *Watts,* 350.) *Budden* v. *Petriken,* (5 *Watts,* 286.)

Mr. *Oakford,* contra, cited *Patton* v. *Ryan,* (4 *Rawle,* 408.)

PER CURIAM.—There is nothing to distinguish this case from others in which such entries as these have been received. Entries transferred from a card to the book on the following day, were admitted in *Patton* v. *Ryan*; and the like, in substance, was done in *Ingraham* v. *Bockius.* In *Kessler* v. *M'Conachy,* no more was ruled than that the transfer was too late at the expiration of nearly two weeks. The objection that it was made in this instance by a third person, has no greater force. The entries might have been made originally by a clerk; and whether by the verbal instructions or written memo-

(Hartley *v.* Brookes.)

randa of the principal, can surely make no difference—they would be as much the entries of the principal in the one case as in the other.

Judgment affirmed.