SCHETTLER vs. JONES.

*Evidence—Books of account—Memoranda to refresh memory of witness.*

1. Where entries in a book of accounts are made by mistake to a wrong name, they may be read in evidence against the party intended to be charged, after the mistake has been satisfactorily explained by other competent evidence.
2. If the entries themselves are not admissible in evidence in such a case, they may be used as memoranda to refresh the memory of a witness; and if, after referring to them, he can testify whether any of the articles mentioned therein, and entered in his handwriting, were delivered to the order of defendant, he should be permitted to do so. And it is the better rule that if the witness can swear positively that the entries were made at the time according to the truth of the facts, that is sufficient, although the particular facts may not remain in his memory.

APPEAL from the Circuit Court for *Brown* County.

This action was brought against *Tarleton Jones* for goods alleged to have been sold to him and delivered to Jones & Co. at his request, during the year 1859. Answer, a general denial. The plaintiff filed a bill of particulars. The testimony given by the plaintiff in his own behalf at the trial, and the circumstances under which his offer of his books of account in evidence was rejected by the court, are sufficiently stated in the opinion. Afterwards the plaintiff called as a witness Ernest Schettler, who testified that he was brother of the plaintiff, and was clerk for him during the whole of the year 1859; that the books previously offered in evidence by the plaintiff were the account books of the plaintiff, kept for that purpose in 1859; that he had examined the account in these books of goods delivered to Jones & Co.; that they were partly in plaintiff's handwriting and partly in his. *Question:* "State whether or not the goods mentioned in that account, charged in your own handwriting, were delivered to the firm of Jones & Co." "Were the entries in your handwriting made at or about the time the goods were delivered?" Both these questions were ruled out. The witness then testified that he had no recollection as to what part of the goods mentioned in the bill of particulars were delivered by him to the firm of Jones & Co.;

that he did not " recollect delivering any of those goods—that is, any particular items." The plaintiff then offered " to prove by this witness, in connection with said books of account, that witness delivered to the firm of Jones & Co. a large portion of the goods mentioned in the bill of particulars at or about the dates therein given, and that he knows they were so delivered only from the fact that the items are charged in his own hand-writing in said books, and from his recollection of the delivery of said goods to said firm at or about the times referred to ;" but the evidence was refused. The court then, on defendant's motion, granted a nonsuit; and the plaintiff appealed.

*E. H. Ellis*, for appellant, cited 1 Phil. on Ev. (4th Am. ed.), 585-6, note 170; *Pearson v. Wightman*, 1 Mills' Const. R. (S. C.), 344; *Haig v. Newton*, id., 423; *Sharpe v. Bingley*, id., 373; *Brown v. Anderson*, 1 Mon., 198; 2 Phil. on Ev., 916-17, and cases there cited; *Merrill v. I. & O. R. R. Co.*, 16 Wend., 586, 595-6, and cases there reviewed; 2 Hill, 535; 4 Seld., 170.

*S. R. Cotton*, for respondents, cited R. S., ch. 137, sec. 88; *Winne v. Nickerson*, 1 Wis., 7; 1 Smith's L. C., 342; 1 Greenl. Ev., § 436; *Hill v. The State*, 17 Wis., 676; 1 Phil. Ev., 458, 221; 1 Cow. & Hill's Notes, 550.

DIXON, C. J. The practice of receiving the account books of a party in evidence varies greatly in the different states. In some, the oath of the party is received in authentication and support of his books ; in others, the books are received, when verified by a disinterested witness, and the oath of the party is not received ; in some a limited admission is given by statute ; and in some the practice does not seem to exist at all. See 1 Smith's Leading Cases, 5th Am. ed., *Price v. The Earl of Tor-rington*, 407, in which the American decisions are collected, pp. 407 to 432. In this state the practice in relation to this species of evidence is regulated by statute. R. S., ch. 137, secs. 88, 89. It will be found, upon comparing the provisions of our statutes with the rules governing this kind of evidence in some

of the states where there is no statutory enactment, that they are very nearly the same. In Pennsylvania, for instance, which has no statute, and in which the practice has grown up as a part of the common law adapted to the situation and wants of the country, it will be seen that the rules established by the courts are almost identical with the regulations prescribed by our statute. This is to some extent true also of the rules in Massachusetts and Maine, where no statutes exist. These observations are made for the purpose of showing that the adjudications of those states may very properly be consulted for the purpose of ascertaining the construction to be given to the statute. The statute is silent as to whether the entries of charges in the account book must be in form against the person to be charged in the action or not. It is silent as to whether such entries are or are not susceptible of explanation by parol or other evidence. It is also silent as to whether such books may or may not be received in evidence in other actions than those brought for the purpose of directly charging the persons indicated by the entries. This is, in substance, an action brought by the plaintiff, a merchant, against the defendant upon a collateral agreement or guaranty, by which it is claimed the defendant promised to pay for certain merchandize to be furnished and delivered by the plaintiff to the firm of Jones & Co., composed, as appears from the testimony of the defendant, of Robert Jones, Huff Jones, Peter Gordon and William M. Newcomb. It also appears from the testimony of the defendant that there had been a firm of Tarleton Jones & Co., composed of the father of the defendant and one Edward I. Tinkham. The plaintiff, who was examined as a witness in his own behalf, testified that he had had dealings with the firm of Tarleton Jones & Co.; had sold them goods, and charged them in account; and that the defendant had settled and paid such accounts. It would seem that he supposed that the defendant was the Tarleton Jones who had been a member of that firm; but he testified that he did not know

who composed the firm of Jones & Co. The plaintiff testified to the guaranty or verbal request of the defendant, and further that, after having received it, he delivered the goods, for part of the price of which this action is brought, to Jones & Co.; that they were delivered from time to time as called for, and charged upon his books in the regular course of business. He then produced his books, and took the suppletory oath required by section 88 of the statute, except that he stated that a part of the entries were in his own handwriting and a part in the handwriting of his brother, who was a clerk in his store. Upon cross-examination he stated that all the items in the account were charged in the books to Tarleton Jones & Co., but that he intended to charge them to "Tarleton Jones." The books were then offered in evidence, but objected to by the defendant because the entries were against "Tarleton Jones & Co.;" and the objection was sustained and the books rejected. No objection appears to have been taken because all the entries were not in the handwriting of the plaintiff. It seems to have been conceded, and no doubt correctly, that as to the items charged by him the books were competent evidence, if no other objection existed. As to the entries in the handwriting of the brother, they were afterwards verified by him in the manner prescribed by section 89, though the books were not formally re-offered in evidence. The books were rejected upon the sole ground that the entries were against "Tarleton Jones & Co.," and not against the defendant; and that is the question here. It is insisted, in support of the objection, that such entries can only be admitted in evidence to charge the party indicated by the entry. We are of a contrary opinion. We think such entries admissible, notwithstanding a mistake in the name of a party or in some addition to his name, if such mistake is fairly and satisfactorily explained by other competent evidence, as was done in this case. The intrinsic value of such entries as written evidence of the facts stated in them must be the same whether they are made under one name or another; and if there was

a mistake in the name, and that is explained so as to leave no doubt or suspicion, we think they should be received. In support of this conclusion we refer to the following cases: *Linn v. Naglee*, 4 Whart., 92, was *assumpsit* by Naglee and another for lumber and other materials furnished at the request of Linn. On the trial, the plaintiffs produced their book of original entries, in which the charges were, some to Linn on account of Williams & Nixon, some to Williams & Nixon got by Linn, and some to Williams & Nixon alone. After strong evidence on the part of the plaintiffs tending to show that the defendant had ordered the lumber in question, the books were admitted. Upon this point the court say : " When the books were offered in the first instance, they were rejected, as they showed no charge against the defendant. But after other evidence was given tending to substantiate such a charge, then we think the books were admissible to show the amount and price of the articles alleged to be the same which had already been proved." In *Hartley v. Brookes*, 6 Whart., 189, entries in the book of plaintiff to one Vansant were received in evidence against the defendant, the plaintiff having shown that Vansant, to whom the goods and work were charged, was only the agent of the defendant. In *scire facias* upon a mechanic's lien, where the materials were furnished on the credit of the building, charges in the book made against the owner or contractor individually, have been held competent to show the amount of materials furnished, the facts which rendered the building liable having been proven *aliunde*. *Church v. Davis*, 9 Watts, 304. See also *Mitchell v. Belknap*, 23 Maine, 475, as to the competency of books of account to show the delivery of goods to third persons. We think, therefore, that the books of the plaintiff should have been received.

We are furthermore of opinion that the court erred in rejecting the testimony of the witness Ernest Schettler. If the books were not admissible as evidence to be submitted to the jury, they certainly were sufficient as memoranda to assist the

memory of the witness; and if, after having referred to them the witness was able to state whether any of the goods mentioned in the account and entered in his hand-writing were delivered to Jones & Co., he should have been permitted to do so. Within all the authorities, if the witness, after having inspected the memorandum, is able to state the facts as upon his present recollection, his testimony is admissible. The first question, therefore, put to this witness, to which objection was taken, was improperly overruled. The witness might have answered from memory that some of the goods in the account charged in his handwriting were delivered to Jones & Co.

But upon this point we are inclined to go somewhat further, and to hold that the subsequent offer of testimony by this witness was improperly rejected. The charges were not mere private memoranda made by the witness for his own convenience, but entries in the books of the plaintiff in the regular course of business. In such cases we think the sounder and better rule to be, that if the witness can swear positively that the memoranda or entries were made according to the truth of the facts, and consequently that the facts did exist, that is sufficient, though they may not remain in his memory at the time he gives his testimony. He may testify from the entries, and when he does so he swears positively to the truth of the facts stated in them. This rule has been applied to the record books of notaries kept by themselves and their clerks (*Sharpe v. Bingley*, 1 Mill's Const. Rep. S. C., 373; *Haig v. Newton*, id., 473); to entries in the ledger of a town clerk, where he kept the accounts of the town (*Columbia v. Harrison*, 2 id., 213); to an affidavit drawn up by the witness at the time of the transactions about which he was called to testify (*State v. Rawls*, 2 Nott & McCord, 331); to the memorandum of a witness who measured and superintended the measurement of a quantity of work done (*Cleverly v. McCullough*, 2 Hill S. C. Law R., 445); to the notes of judges and counsel taken upon the trial of causes (*Rogers v. Benton*, Peck, 108; *Downer v. Rowell*, 24 Vermont,

343); and to the account books of wharfingers in an action between other parties, where the wharfingers testified to the general correctness of their books, though they had no recollection of the particular items charged (*Chamberlain v. Carter*, 19 Pick., 188). See also *Cliquot's Champagne*, 3 Wallace, 140, and *Fennerstein's Champagne*, id., 147, and cases there cited. We are of opinion that the offer of testimony by this witness should have been received.

*By the Court.*—Judgment reversed, and a new trial awarded.