PETERSON VS. KNOBLE.

GRAHAM LIQUOR LAW. (1) *Indefinite complaint; how objection to be taken.* (2, 3) *Cause of action in favor of wife. Measure of damages. Injury to feelings.* (4) *Defendant liable when liquor not sold by him in person.*
EVIDENCE. (5) *Minutes of testimony at trial before J. P.; how used in circuit court.*
REVERSAL OF JUDGMENT. (6) *For admission of irrelevant evidence.*

1. In an action under the " Graham Liquor Law " (ch. 127, Laws of 1872), the complaint after alleging the intoxication of plaintiff's husband caused by liquors sold to him by defendant, further alleges (in the language of the statute) that in consequence of such intoxication plaintiff " has been injured in person, property and means of support," to her damage, etc. *Held,*
   (1.) That the court did not err in overruling a general objection to all evidence in support of the complaint, or in denying a motion for a nonsuit on the ground that the complaint did not state a cause of action.
   (2.) That defendant's remedy was by a motion to have the complaint made more definite and certain; and such a motion, if made, should have been granted.
2. Where an intoxicated husband, without actual violence, but by threatening and abusive language and intimidation, drove his wife out of the house, and kept her out for several hours: *Held*, that there was a physical injury and suffering sufficient to sustain an action under said statute against the liquor seller; and, the action being thus sustained, the wife may recover, as a part of her actual damages, for the injury to her feelings and the indignity suffered by her.
3. It was not error, therefore, in such a case to instruct the jury that the damages which the wife might recover were " such as they might consider a just compensation to her for the injury to her feelings and for the indignity offered to her."

Peterson vs. Knoble.

4. It made no difference in defendant's liability in such a case, whether the liquor was sold by him in person, or by a bar-tender in his employ.
5. The minutes taken by a justice of the peace, of testimony taken on a trial before him, are not *independent* evidence on a new trial in the circuit court, but may be used as *memoranda* in the manner pointed out in *Schettler v. Jones*, 20 Wis., 412, 417, and *Riggs v. Weise*, 24 id., 545; [i. e., by the justice as a witness in the case, testifying positively that such minutes were made according to the truth of the facts, though the facts therein stated do not remain in his memory.]
6. The admission of merely *irrelevant* testimony, having no tendency to injure the appellant, *held* not ground of reversal.

APPEAL from the Circuit Court for *Dunn* County.

This action was originally brought and tried in justice's court. The complaint alleged that defendant, on the 26th of May, 1872, and divers other days during that month, caused the intoxication of Hans Peterson, who was then plaintiff's husband, by selling or giving away intoxicating liquors; that in consequence of such intoxication, she was injured in her person, property and means of support, and was compelled to provide and care for the wants of her said husband while so intoxicated, to her damage one hundred dollars. The answer was a general denial. On appeal from the judgment of the justice, the defendant objected in the circuit court to receiving any evidence in the case, on the grounds that the justice had no jurisdiction of the subject matter of the action, and that the complaint did not set forth a cause of action. The objection was overruled. Plaintiff's testimony showed that on Sunday, the 26th of May, 1872, the plaintiff's husband was in defendant's saloon with his son and several other persons; that Peterson drank three or four glasses of beer and whiskey; that his son also drank liquor at that time; that the liquor was sold by the defendant's barkeeper; that on the same day Peterson and his son reached home about noon, and were then both intoxicated; that while the plaintiff was talking to her son, her husband, being intoxicated, became angry, and told her three times to leave the house, and that if

she did not, he would throw her out; that, becoming frightened, she left the house, and remained away three or four hours; and that when sober, Peterson treated her well. The plaintiff was asked the age of her son; an objection by defendant was overruled; and witness answered that he was twenty years of age. After plaintiff rested, defendant moved for a nonsuit, for the reasons that the plaintiff had not shown facts sufficient to constitute a cause of action; that the court had no jurisdiction of the case; and that no damage to person, property or means of support had been shown. The motion was overruled. The justice before whom the action was first tried, testified that the minutes of trial then shown him were the original minutes of testimony taken on the trial; that he supposed they were correct, but he did not take down the whole of the testimony. The minutes were then offered in evidence by defendant for the purpose of contradicting the plaintiff, and showing that she swore differently on the trial in justice's court; but were objected to, and ruled out. No other evidence was given by the defendant.

The charge given to the jury sufficiently appears from the opinion of the court. Verdict for the plaintiff, for fifty dollars; and from a judgment on the verdict, the defendant appealed.

*Bundy & Macauley*, for appellant:

1. The complaint does not state any facts showing that the plaintiff suffered any damage. It simply states that the plaintiff has been injured, without stating how. This is not good pleading. 4 Wis., 135; 30 id., 634; *Mulford v. Clewell*, 21 Ohio St., 191; *Schneider v. Hosier*, id., 98. 2. The court erred in admitting testimony as to the age of plaintiff's son. This testimony probably enhanced the damages, and was improper for that purpose, as it did not show any reason for exemplary damages. 1 Hilliard on Torts, 205; *Horton v. Monk*, 1 P. A. Browne, 65. 3. It was error to reject the minutes of the justice. *Garfield v. Hatmaker*, 15 N. Y., 475. 4. The instructions of the court to the jury were erroneous, and the damages are excessive.

*F. J. McLean,* for respondent:

1. The justice had jurisdiction of the case under ch. 127, Laws of 1872, and under sec. 5, ch. 120, R. S.   2. The complaint is sufficient, as it follows the very language of the statute.   3. The proof that the plaintiff was put in fear by threats of violence, and was driven from her home, is sufficient evidence of injury to the person.

DIXON, C. J.   This is an action under the "Graham Law" (ch. 127, Laws of 1872), by the wife against the defendant, a saloon keeper, to recover damages for injuries sustained by her in person, property and means of support in consequence of the intoxication of her husband caused by intoxicating liquors sold to him by the defendant.   The complaint is in very general terms, following the language of the statute almost literally, and charging that in consequence of such intoxication the plaintiff "has been injured in person, property and means of support."   On the trial, the defendant insisted that no cause of action was set forth in the complaint, and objected to any evidence being received under it.   A similar objection was taken in support of the motion for a nonsuit.   Allegations so vague and indefinite ought not to be tolerated, and would not be, if only objection had been taken in the proper form.   But the defendant mistook his remedy.   The complaint, general as it is, does state a cause of action under the statute.   It states it most indefinitely, and without any of that particularity which the rules of pleading demand in order to inform the defendant of what he is to meet.   But the remedy of the defendant was by motion to make the pleading more definite and certain, which, if it had been made, must have prevailed, and the plaintiff would have been required to specify the facts and circumstances by or under which she was injured.

The only proof made by the plaintiff on the trial was of injury suffered by her in person.   Her husband, while in a state of intoxication, used threatening and abusive language to her,

and frightened and compelled her to go out of doors, and leave her home for three or four hours, and until he got sober again and she found it safe to return. This was the only injury shown. The court charged the jury that if they found the intoxication of the husband in whole or in part was the result of liquor obtained by him at the defendant's saloon, and that in consequence of such intoxication he went home and drove his wife out of doors, then she was entitled to recover damages therefor, and that the damage was such as they might consider a just compensation to her for injury to her feelings and for the indignity offered to her by her husband in putting her in fear and turning her out of doors while he was intoxicated. It is not claimed that turning the plaintiff out of doors was not an injury to person within the meaning of the statute, although no actual personal violence was used. Had the husband, without laying violent hands upon the wife, but by means of threats and intimidation, driven her into a room and locked her up for the space of three or four hours, that too would have been a personal injury. In either case, had the same acts been done by a stranger, it would have been a trespass and a wrong to the person for which damages could have been recovered. In the present case the objection taken to the charge is, that it was erroneous in directing the jury that the damage was what they might consider a just compensation to the plaintiff for injury to her feelings and for the indignity offered by her husband in putting her in fear and turning her out of doors. We do not think this was error. It is true that under a similar statute in Ohio, the court has held that an action by the wife against the seller of intoxicating liquors for injuries to the "person" of the plaintiff, occasioned by the drunkenness of her husband to whom the liquors were sold, cannot be sustained without showing an assault, or some actual violence, or some physical injury to the person or the health; and that it is not sufficient to show mere mental anguish, disgrace, or a loss of society or companionship. *Mulford v. Clewell,* 21 Ohio

St., 191. But in this case we have that physical injury and suffering, namely, the turning of the wife out of doors and keeping her there for some hours, which suffices to sustain the action ; and when the action is so sustainable, then we understand that compensation for injury to the feelings of the plaintiff, and for the indignity suffered by reason of the principal act complained of and as a part of that act, constitute a portion of the actual damages in the action which the plaintiff is entitled to recover. If a stranger, and not the husband, had been guilty of the act of turning the plaintiff out of doors and keeping her out, such compensation would have been recoverable as part of the actual damages; and it was the intention of the statute, no doubt, to give the same or an equivalent remedy against the person who sold the liquors and by whose fault, in the statutory point of view, the injuries were caused. But if such damages could in any manner be regarded as exemplary, the statute declares that the vendor of the liquors " shall be liable for all damages sustained, and for exemplary damages."

Other parts of the charge were to the same effect as to the nature of the wrongful act for which the plaintiff might sue, and of the damages recoverable. The jury were told : " It is not necessary that a man get drunk and actually beat his wife, or bruise or wound her. If a man in such condition turns his wife out of doors, that is an indignity offered to her, for which she may receive compensation." There was no error in this, nor in that part of the charge which instructed that it made no difference who sold the liquor behind the bar, whether the defendant in person or a bar-tender employed by him. The liability imposed by the statute extends to sales by an agent as well as by the principal.

Other exceptions to the charge were also taken, but none of them seem to demand that particular attention which has been given to the above. There was nothing in the instructions of which the defendant can justly complain.

The minutes taken by the justice of the peace of the testi-

mony given on the trial before him were not admissible as independent evidence. The effect of such memoranda, and the use which can be made of them in evidence, are explained in *Schettler v. Jones*, 20 Wis., 412, 416–17. And see also *Riggs v. Weise*, 24 id., 545.

It is not perceived how the answer to the question objected to as to the age of the plaintiff's son, could have operated to the disadvantage of the defendant. · The fact that the son was with the father and became intoxicated at the same time and place, had already been proved without objection ; and when it was shown, in answer to the question, that the son, instead of being of tender age, was very near his majority, it would seem to have been a circumstance rather favorable to the defendant than otherwise.

*By the Court.* — Judgment affirmed.