MARY QUAIN, APPELLANT, v. MOSES RUSSELL AND MORTIMER RUSSELL, RESPONDENTS.

*Civil damage act — Chap.* 646 *of* 1873 — *when cause of action exists under.*

It is not essential to the existence of a cause of action, under chapter 646 of 1873, against the vendor of liquors, that an action should also be maintainable against the intoxicated person; it is sufficient if the wife has been injured in her means of support through the intoxication of the husband.*

MOTION for new trial by plaintiff, after a dismissal of the complaint at the Circuit, upon the ground that it did not state facts sufficient to constitute a cause of action. The exceptions were ordered heard in the first instance at the General Term.

This action was brought to recover damages, under and by virtue of the provisions of chapter 646 of the Laws of 1873, entitled "An act to suppress intemperance, pauperism and crime," commonly known as the "civil damage act." The complaint showed that the plaintiff was the wife of James Quain, and was his wife, and was living with him as his wife and depending on him for her support at the times of the injuries complained of. The defendant Moses Russell was a hotel-keeper, and rented and kept a building for the purpose of keeping a hotel and selling liquor therein. The defendant Mortimer Russell was the owner of such building, and rented the same to the defendant Moses Russell for the purpose of a hotel, and had knowledge of the sale of intoxicating liquors therein. The defendant Moses Russell sold and delivered intoxicating liquors to said James Quain, the plaintiff's

* See *ante*, p. 151, note. — [REP.

said husband, in said building. The said James Quain drank the said liquors in said building, and became intoxicated, and spent his money upon which the plaintiff relied for her support, and by reason of his intoxication the plaintiff was injured in her means of support.

*Burke & Kilburn,* fo the plaintiff.

*Albert Hobbs,* for the defendants.

BOARDMAN, J. :

If the complaint were technically defective the more appropriate treatment would have been to have moved to make it more definite and certain, or to have allowed an amendment of course upon the trial. When the defendant answers, he impliedly admits the sufficiency of the complaint as to mere matters of form, and when the issues come down to trial before the jury, objections to the sufficiency in mere matters of form will be regarded with slight favor. But upon authority I think the complaint in the case was sufficient. (*Peterson* v. *Knoble,* 35 Wis., 80 ; *Schneider* v. *Hosier,* 21 Ohio, 98.)

I suspect, however, that the complaint was dismissed upon the broad ground that no right of action can exist against the vendor of liquors except in cases where it would also lie against the intoxicated person. The learned judge was inevitably led to such decision by the unfortunate manner in which *Hayes* v. *Phelan,* owing to an omission in the list of decisions sent to the reporter, was reported in 4 Hun, 733. As that report is corrected in 5 Hun, 335, it will be seen that no such principle was adopted by the court. Apart from such error, there appears to be no such doctrine sanctioned by authority. In *Baker* v. *Pope* (5 S. C. R., 102), the contrary view is taken, though it is *obiter.* In the leading case of *Schneider* v. *Hosier* (*supra*), it is distinctly held that the loss of means of support by the wife, through the intoxication of the husband, gives to the wife a cause of action against the vendor of the liquor. The exercise of legislative power in such respects is very ably considered by DIXON, C. J., in *State ex rel. Henshall* v. *Luddington* (33 Wis., 107).

Although a new trial was granted the defendant in *Dubois* v. *Miller* (5 Hun, 332), it was not suggested that a cause of action founded on loss of support could not be sustained. The precise question has not, I think, been decided by any General Term in this State unless in *Jackson* v. *Brookins* (5 Hun, 530). But I think I am justified by the language of the statute, and the decisions and opinions of judges and courts in this State and other States, in holding that a cause of action was stated in the complaint.

It follows that the dismissal of such complaint was error, and a new trial should be granted, with costs to abide the event.

LEARNED, P. J. (dissenting):

The constitutionality of this statute is not an open question in this court. (*Baker* v. *Pope*, 9 S. C. N. Y. [2 Hun], 556.)

Does the present case come within the statute? This does not give a right of action to a wife, *as such*. It gives it to "every husband, wife," etc., "*or other person who shall be injured*," etc. The test, then, whether the action can be maintained, must be whether the plaintiff has been injured.

The language of the statute is, "injured in person or property, or means of support." I suppose that "injured" implies injury in the *legal* sense of the word, and in no other. If a person were, by virtue of this statute, to sue the vendor of liquor to recover damages for injuries done by the intoxicated purchaser to property, I suppose the plaintiff would have to show ownership of the property, and such a wrongful act done to it as would, without the statute, create a cause of action against some one. Otherwise, the plaintiff in such an action could not be said to have been injured. And hence he would have no right of action against the immediate perpetrator of the supposed act, and none against the vendor of the liquor.

The question then arises, has a wife such an interest in her husband's ability to work, that she can recover damages for an act which incapacitates him from working? If a man assaults another, and so injures him as to prevent him from performing the ordinary work by which he is accustomed to support his wife, can she maintain an action against the wrong-doer, on the ground that she is "injured in means of support?" I think not. She does not

own her husband's wages after they are earned, nor his capacity to earn them before. In like manner, it seems to me, that, where the husband's inability to work has been caused by intoxication, the wife is no more, in a legal sense, *injured* in means of support, than she is so injured where the inability has been caused by violence.

If the plaintiff's husband had earned a sum of money by his wages, and it had been taken from him, his wife could not have sued for it. The loss might have occasioned her much suffering, but not a *legal* injury. If it had been taken from him by an intoxicated person, could she recover, under this statute, damages against the vendor of the liquor?

The wife has, I think, no *legal* interest in the earnings of her husband. Hence, to disable him from the power of working, inflicts no *legal* injury on her.

And it seems to me that this statute makes no change in the law in this respect, but that it only makes the vendor of liquor (the remote cause) liable for damages on account of those acts for which, without the statute, the intoxicated person (the immediate cause) would alone have been liable.

Present — LEARNED, P. J., BOARDMAN and BOCKES, JJ.

New trial granted, costs to abide the event.