ICHABOD MATTOCKS *v*. LYMAN & COLE.

[Same Case, 16 Vt. 113.]

The decision in *Mattocks* v. *Lyman et al.*, 16 Vt. 113, as to the necessity of a demand in case of a special contract, re-affirmed.

A defendant's account books are not admissible, as evidence of a negative character, to rebut a presumption in favor of the plaintiff's claim by shewing that there is nothing upon the books in reference to such claim; they are evidence only in regard to matters, either of debt, or credit, which positively appear upon them. And if the defendant introduced such books for the purpose of sustaining a counter claim, it is competent for the plaintiff to show, by the same books, payment or a settlement of that claim.

When the admissions of a party are given in evidence in the course of a trial, the whole declaration of the party, made at one time, as well that in his favor as that which is against him, must be received and weighed; but the jury are at liberty to believe one portion and disbelieve the other,— as they may in the case of any other species of evidence.

Mattocks *v.* Lyman et al.

ASSUMPSIT. The declaration contained several counts upon a special contract,—under which no evidence was received on trial, by reason of variance,—and also counts in *indebitatus assumpsit* for work and labor, goods sold and delivered, and the money counts. The defendants pleaded the general issue and also a plea in offset. Trial by jury,—BENNETT, J., presiding.

On trial the plaintiff called one Davis S. Russell as a witness, who testified, that, shortly after the last preceding trial of this case in the county court, he was in the defendants' store in Burlington, and the defendants, both being present, were complaining of the verdict of the jury, as being for too large a sum, and that the defendant Cole said, that Mattocks had been buying wool for them under a contract, that, if the wool was sold so that the profit amounted to two hundred dollars, or more, the plaintiff was to have one half the profit, but if to less than two hundred dollars, that then the plaintiff was to have but one third of the profit; but that he said he did not suppose they owed the plaintiff any thing; and that both defendants claimed that they did not owe the plaintiff any thing, saying they had paid him up. The witness said he might be mistaken as to the amount of the conversation, but he thought not; whereupon the defendants objected to the competency of such evidence, and requested the court to exclude it from the jury; but the objection was overruled by the court.

The plaintiff also introduced evidence tending to prove, that, on the eleventh day of August, 1834, and subsequently, he purchased of several individuals divers parcels of wool for the defendants, and the prices which he paid for the same, varying from thirty four to forty two cents per pound, and that the same were delivered to the defendants at their store in Burlington; that during the fall of 1834 and part of the winter following there were several lots of wool in the defendants' store, which they called the "Mattocks Wool;" and that in February, 1835, they sold 6056 pounds of those lots at fifty two and a half cents per pound and received their pay therefor,—they having sold at the same time other lots of wool, distinct from what they called the "Mattocks Wool." The quantity of wool which the plaintiff showed by direct testimony he had purchased for the defendants amounted to much less than 6056 pounds.

The testimony of Russell was the only evidence given to the jury, tending to prove what were the precise terms of the contract, under which it was claimed by the plaintiff he purchased the wool; but there was other evidence, of a circumstantial character, tending to prove that it was purchased under some special contract.

The defendants offered in evidence their own private books of account, for the purpose of showing a settlement with the plaintiff, accompanied with evidence that they have the reputation of keeping correct and fair books,—from which it appeared, that, prior to December 20th, 1834, there was an account in favor of the defendants against the plaintiff for divers articles of merchandise, not apparently in any manner connected with the contract in reference to purchasing wool; and on the ledger, under date of December 20, 1834, there was an entry of a settlement, and the books were balanced. It farther appeared upon the ledger that other accounts, of the same character, accrued in favor of the defendants prior to March 14, 1835, and that on that day the books were again balanced, as by a settlement.  Subsequent to this last date were entries of other items of account, which were not balanced.  The books were excluded by the court, as not furnishing any competent evidence of a settlement of the plaintiff's claim; but they were given in evidence by the defendants to sustain their plea in offset.

The defendants gave in evidence a receipt signed by the plaintiff, dated Aug. 11, 1834, by which he acknowledged payment for purchasing wool to that date; and also a receipt dated Dec. 20, 1834, signed by the plaintiff, which purported to be in full for cash lent to the defendants while purchasing wool.  The defendants also gave in evidence, under their plea in offset, a promissory note for twenty five dollars, signed by the plaintiff.

The defendants claimed, that this action could not be sustained, without proof of a special demand by the plaintiff of payment, made before the suit was commenced.

The court instructed the jury, that all the declarations of the defendants, as testified to by Russell, were to go to the jury as evidence in the case, and were to be weighed by them, as well those in their favor as those against them; yet that it did not follow that they must give the same weight to one part that they did to another; and that it was competent for them to give effect to so much of the

Mattocks *v.* Lyman et al.

admission, as was against the interest of the party making it, if they thought proper, and to set aside that portion of the admission, which went to discharge the defendants, if, from the evidence and all the circumstances attending the case, they believed that that portion was unfounded in fact and not according to the truth of the case; and that they were the proper judges of what weight should be given to the different parts of the admissions.

The jury were also instructed, that, though the defendants' books might not be evidence for them to prove a settlement against the plaintiff, yet, as the defendants had themselves given them in evidence, they would be evidence against them, to preclude them from a right of recovery upon their plea in offset, for articles delivered to the plaintiff prior to the settlement and which had been included in such settlement.

The jury were farther instructed, that, if they found that the defendants had, upon the sale of the wool in 1835, received their pay for it, and that it was purchased by the plaintiff for the defendants under a special contract as to the share of the profits, which he was entitled to as his compensation, such contract would give the rule for his compensation; and that a recovery might be had on the general counts in the declaration, without proof of a special demand being made before the commencement of this suit.

Verdict for plaintiff. Exceptions by defendants.

*C. D. Kasson* and *A. Peck* for defendants.

1. It is well settled, that, when a party gives in evidence the admissions of the opposite party, he thereby makes the whole of such declarations evidence, and is bound by the whole, unless he introduce farther evidence, extrinsic, to impeach such parts as he would avoid, or they contain matter intrinsic, having the effect to discredit them; so that, if one part of the admission is against the party making it and the other part discharges him, the jury are to give equal weight to each part of it; *Carver* v. *Tracy*, 3 Johns. 427; *Wailing* v. *Toll*, 9 Johns. 141; *Fenner* v. *Lewis*, 10 Johns. 38; *Credit* v. *Brown*, Ib. 365; *Smith* v. *Jones*, 15 Johns. 229; *Benedict* v. *Nichols*, 1 Root 434; *Hopkins* v. *Smith*, 11 Johns. 161; *Whitwell* v. *Wyer*, 11 Mass. 6, 10; *Warden* v. *Johnson*, 11 Vt. 455.

2. The jury are to give the same weight to each and every part

of the same admission, when considered with reference to the admission itself, disconnected from other testimony. *Dunlop et al.* v. *Patterson*, 5 Cow. 243. They have no right to adopt that part against the party and reject that in his favor, " if they think proper." In this case they should have been told that they were bound equally by all parts of Russell's testimony, unless they found other facts in the case which disproved a part of it.

3. We claim that the action for money had and received will not lie. To maintain this action the plaintiff must have a property in the identical money, at the time, or in the goods of which it is the proceeds. Mattocks had no property in the wool, and consequently none in the money. Chit. on Cont. 186. *Thurston* v. *Mills*, 16 East 253.

4. But if the court adjudge that Mattocks had a joint interest in the wool, then *account*, and not assumpsit, is the appropriate action ; or, whatever may be the form of action, it will not lie, until there has been a demand and refusal to account, or pay over ; *Topham* v. *Braddick*, 1 Taunt. 573 ; *Collins* v. *Benning*, 12 Mod. 444 ; Bul. N. P. 147, 148 ; *Ferris* v. *Paris et al.*, 10 Johns. 285, 294 ; *Clark* v. *Moody et al.*, 17 Mass. 148 ; Ang. on Lim. 183, 184 ; *Utica Bank* v. *Van Gieson*, 18 Johns. 485 ; *Hall et al.* v. *Peck et al.*, 10 Vt. 474.

5. There was error in the charge of the court relative to the defendants' books ; *Morris* v. *Hurst*, 1 Wash. C. C. Rep. 433, cited in Cow. & Hill's notes to Phil. on Ev., Part I, p. 227, (n. 201.)

*D. A. Smalley* and *J. M. Shafter* for defendants.

1. The testimony of Russell was properly admitted. Cow. & Hill's notes to Phil. Ev., Part I, p. 153.

2. The jury were properly instructed as to the construction to be given to Russell's evidence ; 1 Phil. Ev. 110 ; Cow. & Hill's notes to Ph. Ev., Part I, 224, 225, 230, and cases there cited ; *Smith* v. *Blandy*, 21 E. C. L. 432 ; *Ridgway* v. *Darwin*, 7 Ves. 404 ; *Pearson* v. *Sabin*, 10 N. H. Rep. 205. The cases of *Smith* v. *Jones* 15 Johns. 229, 3 Johns. 427, *Wailing* v. *Toll*, 9 Johns. 141, *Fenner* v. *Lewis*, 10 Johns. 38, 365, and *Hopkins* v. *Smith*, 11 Johns. 161, all turned upon the fact that *no other evidence* than the admissions was put into the case.

3. The decisions, both here and in England, clearly establish the point, that the books of the defendants were not legal evidence to show a settlement, without some other proof of the assent of the adverse party than the mere entry itself; 1 Phil. Ev. 263, 264, 265; Cow. &. Hill's notes to Ph. Ev., Part I. 682, 692.

4. The jury were correctly instructed, that the plaintiff might recover on the general counts in the declaration. A party may recover under the common counts in assumpsit for the stipulated price due on a special contract not under seal, when such contract has been executed; *Mattocks* v. *Lyman et al.*, 16 Vt. 113; *Feeter* v. *Heath,* 11 Wend. 477; *Bank of Columbia* v. *Patterson's Adm'rs,* 2 U. S. Cond. R. 501, and cases there cited; *Leeds* v. *Burrows,* 12 East 1; *Jewell* v. *Schrappel,* 4 Cow. 464; 1 Chit. Pl. 377, 381; *Felton* v. *Dickinson,* 10 Mass. 287; *Payne et al.* v. *Bacomb,* 2 Doug. 651; 2 Saund. Pl. & Ev. 670; *Moses* v. *McFerlan,* 2 Burr. 1012; *Straton* v. *Rastall,* 2 T. R. 370.

5. Proof of a special demand was not necessary. *Mattocks* v. *Lyman et al.,* 16 Vt. 113.

The opinion of the court was delivered by

REDFIELD, J. 1. In regard to the right of the plaintiff to recover in this action upon the *general counts* and the necessity of a *demand* nothing more need be said, than was said in this case, as reported in 16 Vt. Reports 113.

2. We do not perceive that any improper use was made of the defendants' books in the course of the trial. They could not be received as evidence in regard to the plaintiff's claim, if they contained nothing concerning any such account. A party's books are never evidence of a negative character, to rebut a presumption,—or certainly not ordinarily,—but only in regard to matters which do positively appear upon them, either of debt, or credit. And certainly, if the books were admitted in support of the defendant's counter claim, it was competent for the plaintiff to show, *by the same books,* the payment, or settlement, of that claim.

3. In regard to the admissions of the defendants, the judge, who tried the case, certainly put the matter upon the same ground, on which such admissions have always been received, since I have known any thing of the course of jury trials in this State, and upon

the same ground that it is put in the English practice,—that is, that the whole declaration of the party, made at one time, as well that in his favor, as that which is against him, must be received and weighed ; but the jury are at liberty to believe one portion and disbelieve the other, as they are all evidence. This undoubtedly puts it in the power of a jury to do great injustice, as it is always in their power to do,—and hence the great responsibility, which rests upon jurors, and upon the judge, often, who presides at such trials,—but such matters cannot be revised in this court.

Judgment affirmed.