## Francis E. Morse *vs.* William B. Potter.

Money due on a special contract which has been fully performed in other respects may be recovered under a count on an account annexed, under *St.* 1852, *c.* 312, § 2, *cl.* 7.

On the trial of an action to recover for work and labor, a time book, kept in tabular form by the defendant, of the days on which the plaintiff worked, is not admissible in evidence, with the defendant's suppletory oath, to show that the plaintiff did not work on certain days.

The admission of testimony in reply, which ought, in strictness of practice, to have been disclosed on the examination in chief, is within the discretion of the presiding judge, and not matter of exception.

ACTION OF CONTRACT to recover a balance due for work, according to an account annexed to the writ. At the trial in the court of common pleas, before *Briggs*, J., the plaintiff offered to prove a contract by which the defendant hired the plaintiff to work for him for a certain sum per month; and that the plaintiff worked for the defendant during the time and at the price alleged in the account annexed. The defendant objected to the admission of the evidence, on the ground that the plaintiff could not, under this declaration, prove a special contract. But the judge overruled the objection, and admitted the evidence.

The defendant, for the purpose of showing that the plaintiff did not work during the whole time charged, offered his own time book, supported by his suppletory oath, and kept in the tabular form, purporting to indicate, by straight marks, the days on which the plaintiff worked, and by blanks, the days when the plaintiff was absent and did not work. But the judge rejected the evidence.

After the defendant had introduced evidence tending to show that the plaintiff did not work on some days during the time charged, and after the evidence in chief of both parties was all in, the plaintiff recalled a witness who had been contradicted by one of the defendant's witnesses, and asked him if he wished to alter or vary his previous testimony; and he replied that he did not, but would state in addition to his previous testimony, that, by the terms of the contract, respecting which he had before tes tified, no deductions were to be made for any lost time. The

defendant objected to the admission of evidence as to terms of the contract, which the witness had not stated on his examination in chief. But the judge overruled the objection, and admitted the evidence, on the ground that if the witness had omitted any thing which he considered material, and now wished to state, he should be allowed to state it. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. C. Bacon & J. W. Wetherell,* for the defendant.

*D. Foster,* for the plaintiff.

METCALF, J. Though general indebitatus assumpsit will not lie upon a special agreement, before the terms of the agreement are performed, yet it has long been the settled law that it will lie after they are so performed as to leave a mere debt or duty on the defendant. Bul. N. P. 139. *Felton* v. *Dickinson,* 10 Mass. 287. This is an answer to the first exception ; for the new practice act provides that " a count on an account annexed may be used, when one or more items are claimed, either of which would be correctly described by any one of the common counts." *St.* 1852, *c.* 312, § 2, *cl.* 7.*

A time book, kept in a tabular form, and in which charges for labor are intelligibly indicated, has been held admissible in evidence, with the party's suppletory oath. *Mathes* v. *Robinson,* 8 Met. 269. But the book that was offered in evidence in the present case was not a book of that kind. It was a book of credits, and not of charges, and was offered for the purpose of proving, by the defendant's omission to give credit for certain days' work, that the plaintiff did not work on those days. It was clearly inadmissible.

It was a matter of discretion with the judge who tried the cause, whether the witness, upon being recalled, should be allowed to testify to facts which ought, in strictness of practice,

---

* A similar decision was made in Berkshire, September term 1856, in the case of EDMUND NARY *vs.* JOHN E. POTTER, upon facts precisely like those in the case in the text.

*I. Sumner,* for the defendant.

*B. Palmer,* for the plaintiff.

to have been disclosed on his examination in chief. The admis-
sion of the testimony is not a matter of exception. *Cushing* v.
*Billings*, 2 Cush. 158. *Commonwealth* v. *Moulton, ante,* 40.

*Exceptions overruled.*