Button *v.* McCauley.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, J. C. Smith* and *Welles*, Justices.]

———————◆———————

ALCESTE BUTTON *vs.* EMANUEL McCAULEY.

The requirement contained in section 149 of the code, that an answer must contain a statement of any new matter constituting a defense, is imperative. Hence if new matter is not set up in the answer, proof of it should be rejected, although such matter would constitute a full defense to the action.

In order to make an exception on account of the rejection of evidence available, the party should make his offer in such plain terms as to leave no room for doubt as to what is intended. If the offer is open to two constructions, he cannot, in a court of review, insist upon that construction

which is more favorable to himself, unless it appears that it was so under-
stood by the court which rejected the evidence.

In an action by a female, for a breach of promise of marriage, evidence to
show that the plaintiff drank to excess, and sometimes to intoxication,
without specifying under what circumstances the alleged excesses took
place, or that her general reputation, even as to sobriety, is bad, is inad-
missible in mitigation of damages.

THIS was an action brought by the plaintiff to recover
damages for a breach of promise of marriage. The an-
swer was merely a general denial of the allegations of the
complaint. The cause was tried at the Monroe circuit, in
October, 1861. The plaintiff was examined as a witness in
her own behalf. Her testimony tended to establish the fact
of a contract of marriage between herself and the defendant,
and a breach of such contract by the defendant. The wit-
ness further testified as follows: "The fifth conversation was
within a day or so. He wanted to know if I would not
shorten the time; whether I would have him or not. I told
him I could not think of having a man when there was so
much difference in our ages. Then I offered to live with him
for a year, for a housekeeper. He would not listen to that;
said he would make me a comfortable home." The counsel
for the defendant objected to the evidence in relation to
making the plaintiff a comfortable home, on the ground
that it was immaterial, irrelevant and incompetent, either
upon the question of a contract of marriage or upon the ques-
tion of damages. The objection was overruled by the court,
and the defendant excepted. The witness then proceeded
as follows: "And leave me well provided for. He said he
would build a brick house, costing $1600, on the small farm,
besides his own labor. He would rig it all up in nice style;
he would have a nice team and nice conveyance, and I might
go where I chose," &c. The counsel for the defendant ob-
jected that this testimony was incompetent, irrelevant and
immaterial, either upon the question of the existence of the
contract, or upon the question of damages. The objection
was overruled by the court, and the defendant excepted.

Other witnesses were sworn, whose testimony tended to confirm that of the plaintiff. The defendant was sworn as a witness, in his own behalf, and his testimony tended to establish the fact that there was no absolute contract of marriage, but that the promise on his part, to marry the plaintiff, was upon certain conditions, which conditions were not fulfilled. The defendant offered to show that the plaintiff, while she was thus living with him, drank intoxicating liquors to excess, and sometimes got intoxicated. This evidence was objected to by the plaintiff and the objection sustained. Exception by the defendant. The jury found a verdict for the plaintiff, for $500 damages.

The defendant appealed from the judgment.

*L. H. Hovey,* for the appellant.

*Jesse Shepherd,* for the respondent.

*By the Court,* J. C. SMITH, J. If the proof offered by the defendant, that the plaintiff while living with him " drank intoxicating liquors to excess, and sometimes got intoxicated," would have established a full defense to the action, as is claimed by the defendant's counsel, it was nevertheless properly rejected, for the reason that such defense is not set up in the answer. That it is " new matter" within the meaning of section 149 of the code (*sub.* 2) can hardly be questioned. It admits and avoids the cause of action alleged in the complaint. It has been decided that the requirement contained in the section above cited, that the answer " must contain a statement of any new matter constituting a defense," is imperative, (*McKyring* v. *Bull,* 16 *N. Y. Rep.* 297;) and that a defendant cannot give evidence of any defense not set up in his answer. (2 *Comst.* 501. 2 *Seld.* 179. 20 *Barb.* 468.)

The defendant's counsel now claims that the proof was proper in mitigation of damages, and therefore admissible

without being pleaded. But the case does not show that it was offered for that purpose. For aught that appears, the offer was made without any statement of its purpose. It was excluded, and properly so, if proposed to establish a defense not pleaded, and for which purpose it is now claimed by the defendant to be admissible; and the defendant did not in any manner call the attention of the judge specifically to the point on which it is now claimed he erred. In the cases of *Willard* v. *Stone*, (7 *Cowen*, 22,) and *Bennett* v. *Smith*, (21 *Barb.* 446,) cited by the defendant's counsel, the evidence was offered expressly *in mitigation.* In *Travis* v. *Barger*, (21 *Barb.* 614,) which was an action for seduction of the plaintiff's daughter, the offer was general, as here, but one of the grounds of objection stated was that "such matters of defense were not set up in the answer," and the testimony was excluded. On appeal to the general term, Birdseye, J. delivering the prevailing opinion, assumed that the offer was made upon the ground that the proof would furnish a complete defense to the action, and not merely that it was admissible in mitigation of damages, and then said: "The judge decided upon the question which was thus presented to him, and rightly excluded the proof, to make out this defense. Instead of offering it again for the purpose of mitigating the damages, for which purpose alone it is now contended it was admissible; instead of presenting to the judge the point upon which alone it is now contended that he erred, and calling his attention specifically to it, so that it might have been passed upon, the defendant chose to let the case be submitted to the jury. And he now raises the question in such a manner that, if successful, he has a chance with another jury, although there was no error committed at the former trial, either in the admission of testimony or the decisions of the court. Such a course ought not to be permitted. It is likely to put the cause in a false position, and to work injustice to the opposite party. The party complaining of the charge of the judge, which is claimed to be errone-

Button *v.* McCauley.

ous in part only, and in part correct, is required to call attention specifically to the matter complained of, so that the error, if any, may be forthwith corrected. The same principle, in my opinion, applies to a case like the present." These remarks were fully applicable to the case in hand, as for aught that appears, the only question presented to the judge and decided by him, was whether the evidence was admissible to establish a defense not set up in the answer. But if the testimony had been offered in mitigation of damages, I think it would have been properly excluded. The offer was simply to show that the plaintiff drank to excess, and sometimes to intoxication, while living with the defendant, without specifying under what circumstances the alleged excesses took place. They may have occurred prior to the defendant's promise, and with his knowledge. They may even have been induced by his solicitation, and shared in by himself. In either case I apprehend the evidence would not be admissible. In order to make an exception on account of the rejection of evidence available, the party should make his offer in such plain terms as to leave no room for doubt as to what was intended. If the offer is open to two constructions, he cannot in a court of review insist upon that construction which is more favorable to himself, unless it appears that it was so understood by the court which rejected the evidence. This rule was followed by the court of appeals in *Daniels* v. *Patterson*, (3 *Comst.* 47,) in which case the offer was quite as explicit and clear, to say the least, as the offer in the case at bar, and the reasoning of Bronson, J. who delivered the opinion of the court, shows the good sense and justice of the rule. Again, it may well be questioned whether the defendant in this action had a right to prove in mitigation of damages, particular acts, unless they showed or tended to show the plaintiff to be unchaste. General character undoubtedly may be inquired into, and the reason assigned for this, in the books, is that the object of the action is not merely a compensation for the immediate injury sustained, but damages

for the loss of reputation. (*Per Benson, J. in Johnson* v. *Caulkins,* 1 *John. Cas.* 117.) But general reputation cannot be proved by particular acts. (7 *Cowen,* 635.) Yet as illicit sexual intercourse after marriage is a ground for annulling the marriage contract, there is an obvious propriety in allowing particular acts of a lewd and dissolute character to be proved in mitigation of damages, in actions of this nature. But this reason does not exist in respect to any other vice. But if it is competent to show that on one or more particular occasions the plaintiff drank intoxicating liquors to excess, it is difficult to see why evidence may not be given of particular exhibitions of any other of the numerous frailties of nature, such as gluttony, profanity, lying and many others that might be mentioned. I think it will be found that the cases in the books go no further than to allow proof of particular acts of lewdness or indecency, limiting the evidence, in other respects, to general reputation. In *Johnson* v. *Caulkins* (*supra*) the defendant was permitted to show, with a view to the quantum of damages, licentious *conduct* in the plaintiff, and her *general character* as to sobriety and virtue. In *Willard* v. *Stone* it was held that the defendant might prove that the plaintiff had been guilty of *indecent* and *lascivious* familiarities with another man. In *Boynton* v. *Kellogg* (3 *Mass. Rep.* 189) it was ruled that the defendant might show, *in bar,* the bad character of the plaintiff at the time of the contract, unknown to the defendant; or that after the promise she had prostituted herself to any person other than the defendant, and *in mitigation,* that her conduct was *improperly indecent, after* the promise, or *before* the promise and unknown to him. This ruling was approved in *Palmer* v. *Andrews,* (7 *Wend.* 142.) The rules laid down in *Sedgwick on Damayes* (*p.* 385) are deduced from these cases. As the defendant's offer was not to show dissolute or unchaste conduct on the part of the plaintiff, or that her general reputation, even as to sobriety, was bad, I think it was not admissible in mitigation of damages.

The defendant's counsel next insists that the proof offered was admissible "upon the question of the knowledge and recollection of the plaintiff, in respect to the matters to which she testified ; also upon the question of her credibility." This position is untenable. There was no offer to show that she was intoxicated, or under the influence of intoxicating drinks, on any occasion in respect to which she testified ; and particular facts cannot be given in evidence to discredit a witness. (2 *Phil. Ev. C. & H. Notes,* 952.)

The only other question in the case relates to the testimony of the plaintiff, as to what the defendant said in respect to making her a comfortable home, &c. This evidence was clearly admissible. It consisted of declarations made by the defendant in a conversation between him and the plaintiff relating to the subject matter of the action, and a part of which conversation had been proved without objection. It was competent evidence on the question of the alleged contract of marriage between the parties.

The motion for a new trial should be denied.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, J. C. Smith* and *Welles,* Justices.]