O'TOOLE v. GARVIN *et al.*

*Fictitious firms — Pleading — defense.*

T. sold goods to defendants in the name of " T. & Co.," when in fact the business was carried on by T. individually. In an action for the price of the goods, *held*, (1) that the fact that the transaction was in violation of the statute was a bar to a recovery ; (2) but in order to render such defense available it must be specially pleaded.

EXCEPTIONS ordered to be heard in the first instance at general term. The complaint was dismissed in the court below. The action was brought to recover the sum of $1,140.42 for goods sold

and delivered to defendants by the plaintiff. The answer alleged, that defendants purchased the goods of the firm of William O'Toole & Company, and that plaintiff acted for said firm in the matters in question, and that there was a defect of parties plaintiff in that the person or persons unknown to defendants, who were partners of plaintiff in these transactions, were not joined as parties plaintiff On the trial, it appeared from plaintiff's evidence, that he had no partner, and that the word "Co." did not represent any partner, though plaintiff had conducted business under the firm name alleged. The court dismissed the complaint on the ground that plaintiff was carrying on business in violation of the "Act to prevent persons from transacting business under fictitious names," chap. 287, Laws 1833. Exceptions were ordered to be heard in the first instance at general term, and the motion for new trial on such exceptions.

*D. M. Porter* and *John L. Lindsay,* for appellants. The defense was new matter and should have been pleaded. *Weaver* v. *Barden,* 49 N. Y. 286; *Treadwell* v. *Bruder,* 3 E. D. Smith, 596; *Hyatt* v. *Wood,* 4 Johns. 153; *Wright* v. *Delafield,* 25 N. Y. 270; *McKyring* v. *Bull,* 16 id. 297; *Tell* v. *Beyer,* 38 id. 161; *Kelsey* v. *Western,* 2 id. 501; *Field* v. *Mayor, etc., of New York,* 6 id. 179; *N. Y. Central Ins. Co.* v. *Nat. Protection Ins. Co.,* 20 Barb. 468; *Button* v. *McCauley,* 38 id. 413. The act bringing the case within the statute should be explicitly averred. *Miller* v. *Roessler,* 4 E. D. Smith, 234. Section 159 of the Code does not permit such an omission in pleading to be disregarded. *Academy of Music* v. *Hackett,* 2 Hilt. 234; *People* v. *Supervisors of Livingston,* 34 Barb. 522; *Spear* v. *Downing,* 12 Abb. 437. The amendment should not be allowed on trial by the court. *Ransom* v. *Wetmore,* 39 Barb. 104; *Johnson* v. *McIntosh,* 31 id. 272; *Reque* v. *Holmes,* 16 N. Y. 200; *Goodrich* v. *Russell,* 42 id. 185; *Ford* v. *Ford,* 35 How. Pr. 321; *Woodruff* v. *Dickie,* 31 id. 164.

*Edward D. McCarthy,* for respondent. The statute makes the contract void. *Hallett* v. *Novion,* 14 Johns. 290; *Pennington* v. *Townsend,* 7 Wend. 276; *Bank of United States* v. *Owens,* 2 Peters, 527; *Springfield Bank* v. *Merrick et al.,* 14 Mass. 324; *Russell* v. *DeGrand,* 15 id. 37; *Wheeler* v. *Russell,* 17 id. 281; *Hoyt* v. *Allen,* 2 Hill, 322.

DANIELS, J. At the close of the evidence, the court directed the complaint of the plaintiff to be dismissed, because it appeared dur-

ing the trial that the goods sued for were sold and delivered by the plaintiff in the firm name of William O'Toole & Co., when in fact he carried on business individually, having no person interested or concerned with him represented by the addition to his name of the term " & Co." This was a violation of the provision of the statute prohibiting persons from carrying on business under that term when it shall represent no actual partner or partners, and for such violation the plaintiff was guilty of a misdemeanor, liable to be punished by a fine not exceeding $1,000. Laws of 1833, chap. 281. As the sale and delivery of the goods were transactions within the prohibition of the statute, good reason existed for holding that no recovery for their price or value could be had, and such was held to be the effect of a violation of these provisions in *Swords* v. *Owen*, 43 How. 176.

But that case is distinguishable in principle from the present one in the circumstance that there the defense was distinctly set forth in the answer, while in the present one the answer sets forth nothing of that kind. The complaint upon this subject alleges the goods to have been sold and delivered by the plaintiff individually ; and the answer avers that in all the transactions alleged in the complaint he represented himself to be one of the firm of William O'Toole & Co., and acting for such firm in those transactions. It also alleges that the defendants then believed those representations to be true, and continued to believe them, and that the firm was composed of the plaintiff and some other person or persons unknown to the defendants, who ought to be joined with him as plaintiffs in the action.

This answer not only failed to set forth the defense arising out of the violation of the statute, but beyond that it distinctly alleged in substance that no such defense existed, for it averred that the term " & Co." used by the plaintiff in his business did represent some person or persons who were interested with the plaintiff as partners in the transactions referred to by the complaint.

If the plaintiff transacted business under a name and style indicating the existence of a firm, when in fact he carried it on individually, and in that manner sold and delivered the goods, for the price and value of which he claimed to recover in this action, that was new matter, constituting an affirmative defense, which, by the provisions of the Code, should have been set forth in the answer in order to render it available upon the trial, for, in effect,

every such defense admits the sale and delivery to have taken place substantially as alleged by the plaintiff, but avers that in the transactions the plaintiff acted under a prohibited style and name. Code, § 149. The consideration in cases of this description is an unlawful one, and hence the promise is not obligatory. When that fact exists it must be pleaded in order to render it available by way of defense. *McKyring* v. *Bull*, 16 N. Y. 297, 309.

But in the present instance, although it appeared by the proof given upon the trial, it was neither disclosed by the complaint nor the answer. The former stated the goods to have been sold and delivered by the plaintiff individually, while the latter denied that and averred it to have been by him as a member of a copartnership firm. In this state of the pleadings proof of the fact that the plaintiff in the sale was guilty of violating the provisions of the statute referred to did not justify a dismissal of the complaint. That a defense not made by the answer appears in the proof is not sufficient to defeat a recovery by the plaintiff when it arises out of new matter constituting it. To have that effect it must be alleged as well as proved. *Button* v. *McCauley*, 38 Barb. 413 ; *Wright* v. *Delafield*, 25 N. Y. 266 ; *Brazil* v. *Isham*, 12 N. Y. 9. In the last case the fact constituting the defense by way of new matter was proved during the trial by the plaintiff, and yet it was not allowed to defeat a recovery, because the defendant had not alleged it in his answer.

Under the system of practice prevailing before the Code the defense considered in the last case, as well as in the present one, may have been admissible under the general issue, without having the same effect follow a general denial as that has been provided by the Code. For any thing was admissible under the general issue in assumpsit which would show that the plaintiff never had a cause of action, while under the system devised by the Code, all new matter constituting a defense is required to be pleaded by the defendant. *McKyring* v. *Bull*, 16 N. Y. 309.

The disposition which was made of this case at the circuit was erroneous, because the defense which was allowed to prevail was not alleged in the answer of the defendant. For that reason the order directing the complaint to be dismissed should be set aside and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and DONOHUE, J., concurred.

*New trial granted.*