## LADD & BUSH *v.* SEARS.

### EVIDENCE—PRACTICE.

Where the only objection made, at the trial, to the admission of books in evidence is that they "were not books of original entry," no other ground of objection will be considered on appeal. The party making a specific objection waives all other grounds not covered by it.

### ACCOUNTS—BOOKS OF ORIGINAL ENTRY.

A cash book and depositor's balance book, belonging to a bank, shown to have been fairly and correctly kept, in which, after banking hours, each day, the various items of money deposited and drawn out during the day, are copied from "tags" and "checks" containing the proper date of the transaction, concerning each item entered at the time, or when the items so copied into the cash book are immediately, and in the regular course of business of the bank, transcribed into the depositor's balance book, both of such books are admissible in evidence as books of original entry.

### FRAUD—GENERAL GOOD CHARACTER.

When the gist of the action is money had and received, an allegation in the complaint that the defendant obtained the amount sought to be recovered by imposition and fraud, does not entitle him to introduce evidence of his general good character for honesty and integrity.

APPEAL from Marion. The facts are stated in the opinion.

*Rufus Mallory*, for appellant.

The onus of proof is on the respondent. The facts admitted show a *prima facie* case in favor of appellant. It is the usage of the bank not to pay money to a depositor on his check unless he has the money or its equivalent in the bank. The delivery of the draft to Sears by the teller is presumptive evidence that he had paid for it. A thing delivered to another is presumed to belong to him (Civil Code, sec. 166). In relation to the admissibility of books as evidence, appellant cited 15 Am. Dec., 196; *Woodbury* v. *Woodbury*, 50 Vt., 152; *Kolwitz* v. *Wright*, 37 Texas, 82; *Wall* v. *Dovey*, 60 Pa. St., 212; *Lawhorn* v. *Carter*, 11 Bush, 7; *Jones* v. *Long*, 3 Watts, 325; *Hall* v. *Gilden*, 39 Me., 446; 1 Greenleaf Ev., 117; *Shoemaker* v. *Kellogg*, 11 Pa. St., 310; *Karr* v. *Stivers*, 34 Iowa, 123; 1 Phil. on Ev., 371; *Curran* v. *Crawford*, 4

Serg. & R., 3; *Moody* v. *Roberts*, 41 Miss., 74, 77.    Books are not evidence of what they *do not*, but of what they *do* contain.    (15 Am. Dec., 198; *Morse* v. *Potter*, 4 Gray, 292; *Mattocks* v. *Lyman*, 18 Vt., 98.)

*E. C. Bronaugh*, for respondents.

Error must be affirmatively shown.   It will not be presumed. (1 Oregon, 51, 341; 4 Oregon, 64, 5 id. 191.).

As to the claimed error in admitting the cash book and depositors' balance book in evidence, we submit that both of these books are shown by the evidence recited in the bill of exceptions to have been books of original entry, made so nearly contemporaneous with the transaction recorded, as to be part of the *res gestæ*, and, therefore, clearly admissible.    (1 Greenl. Ev., secs. 118, 119, 120, and notes; *Davidson* v. *Powell*, 16 How. Pr., 467; *Bank of Monroe* vs. *Culver*, 2 Hill, 531; *Merrill* v. *Ithaca and Oswego R. R. Co.*, 16 Wend., 586; 12 Pick., 139; *Landis* v. *Turner*, 14 Cal., 573; *Humphreys* v. *Spears*, 15 Ill., 275; *Price* v. *Torrington*, 1 Smith's Leading Cases; Code, 247, section 680.)

By the Court, WATSON, J.:

This was an action to recover money, commenced and tried in the circuit court for Marion county.    Plaintiffs obtained a verdict and judgment for five hundred and thirty-nine dollars and sixteen cents, and costs, and defendant appealed.

The complaint alleged facts showing that the defendant, on October 10, 1879, obtained from their bank, in Salem, Oregon, the sum of five hundred dollars more than he was entitled to draw therefrom, by means of imposition and fraud, practiced upon their employes in the bank, inducing them to believe he was entitled to said sum on account of previous deposits, which amount he had refused to pay back to plaintiffs.

The answer denied each material allegation in the complaint in relation to the defendant having obtained said amount, or any part of it, without being entitled thereto and contained

some new matter which was put in issue by the replication.

The only issue made by the pleadings was whether defendant had paid into the bank the said sum of five hundred dollars, which he drew out by a check on Ladd & Tilton, of Portland, Oregon, on October 10, 1879.

The errors relied on by appellant to secure a reversal of the judgment which was rendered against him in the court below, are predicated on certain rulings of that court upon the admission of evidence at the trial. We will consider them in the order in which they were presented to us at the hearing.

After introducing testimony showing that, in the regular course of business, a deposit of money in the bank was accompanied by a "tag," filled out by the depositor, with his name, and the date and amount of the deposit, which was immediately placed upon the cash file, and the name and amount thereon entered in the cash book of the bank, at the close of the day's business, and such entries again copied at the same time, from such cash book into the depositors' balance book, and each of said books made to show the depositor's full account correctly, the plaintiffs produced and identified said books and offered them in evidence. Defendant objected to the admission of the books on the ground that they were not books of original entry.

The objection was specific, and the attention of plaintiffs as well as the court directed to a single point. But the defendant now assails the rulings of the court below admitting said books, on the ground that they were incompetent, and inadmissible to prove that he did not deposit in the bank the five hundred dollars in controversy, because they contained no entry whatever in relation to such deposit; also on the ground that they were not the best evidence—all the facts they contained having been previously testified to on behalf of plaintiffs, by the parties who kept the books. We do not think either of these grounds was covered by the original objection, and therefore neither of them can be considered. This objection did not raise any question as to the entries such

books might contain in regard to the transaction in controversy, nor as to the effect of such entries as evidence upon the issue in the case. The sole question was whether the books, being of the nature and kept in the manner proven, were or were not books of original entry.

Whether they contained entries which would be in favor of or against the defendant upon the issue involved, or afforded no legitimate ground for inference either way, was not a question before the court under the objection taken, and could not be.

The books were books of original entry, or not, regardless of the question whether they contained any entries in relation to the defendant. Had these points been sufficiently disclosed by the objection, plaintiffs might have withdrawn their offer to introduce the books, or if not, the court might have reached a different conclusion.

The principle which confines the party making an objection to a ruling at the trial below, strictly to the objection so made, when the cause is brought into the appellate court for review on errors alleged to exist in such rulings, is both sound and just, and conclusively settled upon authority. (*Elwood* v. *Deifendorf*, 5 Barb., 398; *Mallory* v. *Perkins*, 9 Bosw., 572; *Button* v. *McCauley*, 38 Barb., 413; *Garrett's Admr.* v. *Garrett*, 27 Ala., 687; *Walker* v. *Blossingame*, 17 Ala., 810; *Nolan* v. *Harris*, 6 N. Y. (2 Seld), 345.)

The objection made was not equivalent to a general one for incompetency. It specified a particular ground of incompetency, and we have no right to look beyond that in determining as to the correctness of the ruling excepted to. Upon the question properly before us under such objection, we feel no hesitation in deciding that the books referred to were properly admitted in evidence as books of original entry. The abstract of evidence given in the bill of exceptions shows them to have been the books in which the ordinary business transactions of the bank were regularly kept. The entries were made in them each day, after banking hours, from the

" tags " and " checks " containing the memoranda of the day's business.    This proof entitled them to admission over the objection made.    (1 Greenleaf on Evidence, secs. 117–120, and notes; *Davidson* v. *Powell*, 16 How. Pr., 467; *Bank of Monroe* v. *Colver*, 2 Hill, 531; *Smith* v. *Sanford*, 12 Pick., 139; *Tomlinson* v. *Borst*, 30 Barb., 42).

Passing to the next question, which arises upon the objection to the testimony of J. H. Albert, the teller of the bank, explaining his delay in discovering the mistake which he claimed to have made in paying out the five hundred dollars to the defendant, on the supposition that he was entitled to that amount, on account of former deposits, when in fact he was not entitled to it, we are convinced that the court below committed no error in overruling the objection and admitting the evidence.

This delay covered a period of between two and three weeks, and some explanation was both proper and necessary to entitle his testimony to its proper weight before the jury, under the circumstances.    His testimony upon this point presented the facts and circumstances which affected his subsequent conduct, and rendered it entirely consistent with the facts directly in issue, which he had also testified to on the trial.  (*Pollard* v. *Bates*, 45 Vermont, 506 and 507.)

The objection to this part of the evidence was general, for incompetency and uncertainty.    Conceding that it would have been well taken and sufficient if the testimony objected to had shown, on its face, an attempt to prove the contents of a written instrument, without producing the instrument, or accounting for its non-production, still it is impossible to determine, from the statement of the testimony given in the bill of exceptions, that such was the case.

The statement of the evidence given by the witness on this point is, " that he, as teller of the bank, had some correspondence with one J. K. Sears, who had furnished some collateral, and was to be allowed to overdraw his account."  The legal presumption in such cases is in favor of the correctness

of the rulings of the lower court, and error must affirmatively appear in the record, or that presumption will prevail. And in our opinion it should prevail in this instance over any inference to the contrary which can be derived from the statement contained in the record in relation to the testimony objected to.

Besides it is quite evident from the whole of the record considered together upon this point, that no such question was presented to or determined by the lower court.

Upon the only remaining question we are equally well satisfied that there was no error. The offer by defendant to introduce evidence of his general good character for honesty and integrity was properly overruled. While the complaint charged him with imposition and fraud in obtaining the sum of money in controversy, such allegations were not essential to plaintiff's cause of action, and need not have been either alleged or proved. The gist of the action was money had and received, and the right of plaintiffs to recover, and the amount of recovery in no wise depended upon the proof of any fraud or evil motive on the part of the defendant, in any part of the transaction.

There was no error in any of the rulings excepted to, in our view of the law applicable to the case, and the judgment of the circuit court must be affirmed with costs.

Judgment affirmed.