[Civ. No. 3893. Second Appellate District, Division One.—June 1, 1922.]

## MARGARET I. LEWIS, Special Administratrix, etc., Respondent, v. MABEL McNEAL, Appellant.

[1] CONTRACTS—ACTION TO RECOVER ALLEGED BALANCE—PAYMENT—BURDEN OF PROOF—EVIDENCE.—In this action to recover a balance alleged to be due under a contract entered into between defendant and plaintiff's intestate, having admitted the amount of the original indebtedness, the burden of proving payment thereon of other than the sums admitted in the complaint devolved upon defendant; and while defendant's testimony as to the facts concerning the alleged payments in controversy was positive, and could not be contradicted owing to the death of plaintiff's intestate to whom they were claimed to have been made, the court, by reason of the circumstances connected with the transaction, as shown by defendant's testimony, in connection with the testimony of plaintiff, might well have deemed it sufficient to discredit the defendant's story and justify the conclusion that defendant had not established the fact of payment.

[2] ID. — DISPUTED PAYMENTS — ACCOUNT-BOOKS OF DECEASED — ADMISSIBILITY.—In such action, the amount of the original indebtedness to plaintiff's intestate having been admitted by defendant, and plaintiff having admitted the making of all payments shown by the account-books of her intestate, which did not show the making of the alleged payments in controversy, it was error to admit those account-books in evidence, over the objection of defendant, for the purpose of showing that defendant did not make the disputed payments.

[3] ID.—ADMISSION OF ACCOUNT-BOOKS—APPEAL—RECORD.—Where the record on appeal in such an action shows that plaintiff's witness, over defendant's objection that the same was incompetent, testified

---

2. Admissibility in evidence of books of account kept by deceased person, note, 12 Ann. Cas. 77.

What is provable by books of account, notes, 138 **Am. St. Rep.** 441; 52 **L. R. A.** 689.

fully as to the contents of the account-books of the deceased, reading the entries, and the trial court overruled defendant's objection to plaintiff's offer of the books in evidence, the contention on appeal that such books were not received in evidence and that defendant is not entitled to have the question of their admission reviewed is without merit, notwithstanding copies of such books are not contained in the record on appeal.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Reversed.

The facts are stated in the opinion of the court.

Minor Moore for Appellant.

James H. Pope and A. G. Ritter for Respondent.

SHAW, J.—In this case plaintiff, as administratrix of the estate of George E. Lewis, her deceased husband, sued for the recovery of a balance alleged to be due his estate upon a contract made by defendant with deceased whereby he was employed to furnish labor and materials in the construction of a house of the admitted cost of $8,394.50, upon which, as alleged in the complaint, defendant paid $5,587.86, leaving a balance unpaid of $2,806.64. It was also alleged that defendant was indebted to plaintiff in said sum upon a mutual, open, and current book account. By her answer defendant admitted her employment of deceased, and that he furnished material and labor and made expenditures in the construction of said house in the sum of $8,394.50, all as stated in the complaint, but alleged that she had paid all of said sum due under the employment, save and except the sum of $284.44, which was the balance due to plaintiff; and likewise denied any indebtedness in excess of $284.44 upon the alleged open, mutual, and current book account. The court found the allegations of the complaint to be true and that plaintiff was entitled to judgment as prayed for, from which judgment so entered defendant has appealed.

While defendant attacks the findings for want of sufficient support, her chief contention is that the court erred in the admission of evidence.

[1] Having admitted the original indebtedness of $8,394.50, the burden of proving payment thereon of other

than the sum of $5,587.86, admitted in the complaint to have been made, devolved upon defendant. In her own behalf she testified that on September 15th she paid the sum of $2,000 to George E. Lewis on account of said indebtedness, which payment was in cash from money which she had, some six weeks prior thereto, taken from her safe deposit vault and kept in her house until the time of making said payment; that it was paid to him in front of the Hollywood Bank, at which place she met Lewis, and upon receiving it she gave to him a typewritten statement, dated July 29th, showing the condition of her account, and which statement he had delivered to her about August 1st, and going into the bank, while she went shopping, he indorsed thereon in his own handwriting, under date of September 15th, the payment of the $2,000, and as so indorsed returned the same to her. She also testified that she, on April 16, 1920, paid Lewis $500 in cash, credit for which $500 was given by him in the typewritten statement delivered to her on August 1st wherein he acknowledged payment of the gross sum of $4,587. It is admitted that on July 21st defendant paid Lewis by check $500, and on August 16th paid him $500; that on said last date Lewis in his own handwriting made the following indorsements on said typewritten statement: "July 21, received by check $500.00; August 16, received by check $500.00"; and that thereafter, to wit, on October 26th, she gave Lewis a check for $500, upon which she says was written, in the lower left-hand corner, "Balance due, $305," which was intended to exhibit to him the balance due on her account. The contention of plaintiff is that the typewritten statement rendered under date of July 29th, and showing payment of $4,587, was intended to include the $500 paid on July 21st, and that the indorsement thereon as to such payment, made by Lewis August 16th, was an error, and in fact a duplicate receipt of the $500 paid in July; whereas defendant claims that, having erroneously omitted the same from the typewritten statement, he made the indorsement to cover it.

The subject of the controversy, then, is as to these two cash payments: one of $500, claimed by defendant to have been paid in cash on April 16th and the other of $2,000, claimed by defendant to have been paid in cash on September 15th, to the making of which payments at the times

mentioned she in positive terms testified. There is nothing
to sustain plaintiff's contention that the indorsement upon
the typewritten statement of the payment of $500 made on
July 21st was an error, other than the fact that the type-
written statement rendered defendant was made after the
date of said payment. Neither the typewritten statement
with the indorsements thereon so made by Lewis, nor the
check for $500, dated October 26th, which defendant
claimed was indorsed, "Balance due, $305," was produced
at the trial. The defendant claimed that both documents
had been lost, prior to which loss, however, she had exhib-
ited them to plaintiff and her daughter, who had inspected
the same, and both plaintiff and her daughter testified
there was no indorsement, as claimed, upon the check dated
October 26th, showing a balance due of $305 only; and they
also testified the indorsement upon the typewritten state-
ment, under date of September 15th, "Received by cash
$2,000," was not in the handwriting of Lewis. The fact
that all other payments save and except those in contro-
versy were made by check; that defendant had lost not
only the statement containing the disputed indorsement,
but likewise the check of October 26th upon which she
claimed to have indorsed the balance due to Lewis, to-
gether with the irregularity of defendant's act as stated
in drawing the $2,000 from her safe deposit box and
keeping it in her house for some six weeks and then paying
it to Lewis on the street, together with other circumstances
connected with the transaction as related by her, when
added to the testimony of plaintiff and her daughter, Mabel
Lewis, to the effect that the purported receipt upon the
typewritten statement was not in the handwriting of de-
ceased, George E. Lewis, and the check dated October 26th
for $500, which had been seen by them at the time of its
delivery, contained no indorsement showing a balance due
of $305, were well calculated to raise a doubt in the mind
of the trial judge as to the truth of defendant's state-
ments. While defendant's testimony as to such facts of
payment was positive, and assuming it was not and owing
to decedent's death could not be contradicted, the court by
reason of the circumstances connected with the transaction,
as shown by defendant's own testimony, in connection with
that of plaintiff in denying that the indorsement was in

the handwriting of deceased, might well have deemed it sufficient to discredit her story and justify the conclusion that defendant had not established the fact of payment. (*Davis* v. *Judson,* 159 Cal. 129 [113 Pac. 147]; *Cox* v. *Schnerr,* 172 Cal. 371 [156 Pac. 509]; *Travis Glass Co.* v. *Ibbetson,* 186 Cal. 724 [200 Pac. 595].) As said in the case last cited: "The most positive testimony of a witness may be contradicted by inherent improbabilities as to its accuracy contained in the witness' own statement of the transaction; or there may be circumstances in evidence in connection with the matter, which satisfy the court of its falsity; the manner of the witness in testifying may impress the court with a doubt as to the accuracy of his statement, and influence it to disregard his positive testimony as to a particular fact; and as it is within the province of the trial court to determine what credit and weight shall be given to the testimony of any witness, this court cannot control its finding or conclusion denying the testimony credence, unless it appears that there are no matters or circumstances which at all impair its accuracy." Hence, if the court upon such conflicting testimony, considered in the light of the circumstances shown and the conduct of defendant in relating matters in connection with the transaction, had made the finding, this court, upon a review thereof, would not be warranted in holding it without support of sufficient evidence.

[2] Plaintiff, however, did not rest her case upon such testimony, but, over defendant's strenuous objections, introduced the day-book kept by her deceased husband and a ledger to which the daughter, Mabel Lewis, had transcribed the entries therefrom, and wherein all payments claimed to have been made by defendant, other than the payment of $500 on April 16th and $2,000 on September 15th, were made to appear. Since defendant admitted the original indebtedness and plaintiff conceded the making of all payments other than the two in controversy, the books could have been pertinent to no facts other than those in controversy, and hence they must be deemed to have been received and by the court considered for the purpose of showing that defendant had not made the payments as she stated; in other words, to establish, not an affirmative fact shown by an entry in the books, but a nega-

tive fact from the absence thereof. Section 1946 of the Code of Civil Procedure provides that: "The entries and other writings of a decedent, made at or near the time of the transaction, and in a position to know the facts stated therein, may be read as *prima facie* evidence of the facts stated therein, in the following cases: 1. When the entry was made *against the interest* of the person making it. 2. When it was made in a professional capacity and in the ordinary course of professional conduct. 3. When it was made in the performance of a duty specially enjoined by law." While under this provision the *entries in the book,* not the absence thereof, would be evidence against his estate, they would constitute no evidence of negative facts as to which no entry was made, since the omission might have been due to mere negligence or forgetfulness and without motive, either good or bad. (*Schwarze* v. *Roessler,* 40 Ill. App. 474.) Not only is there no statutory provision under which the books were admissible, but it is the general rule that books of account are never deemed evidence to rebut a presumption by showing there is nothing contained in them in reference to the claim set up by the adverse party. The entries made upon a proper showing are competent evidence of the facts shown thereby, but the fact that no entries were made by the deceased constitutes no proof of the omitted fact in dispute. (*Lawhorn* v. *Carter,* 11 Bush (Ky.), 7; *Mattocks* v. *Lyman,* 18 Vt. 98 [46 Am. Dec. 138]; *Winner* v. *Bauman,* 28 Wis. 563; *Ladd & Bush* v. *Sears,* 9 Or. 244; *Kerns* v. *McKean,* 76 Cal. 87 [18 Pac. 122]; *Morse* v. *Potter,* 70 Mass. (4 Gray) 292; *Riley* v. *Boehm,* 167 Mass. 183 [45 N. E. 84].) The books were received, not as containing entries relating to the cash payments in controversy, but as showing from the omission thereof that the money was not paid as defendant said it was, and upon the assumed fact that had it been paid, deceased would have entered it as a credit, it is argued that its absence therefrom is proof that it was not received, and apparently the court in reaching its conclusion entertained this view of the matter. In our opinion, the books were incompetent for such purpose, and the court should have sustained the objection to their admission.

[3] Respondent insists the books were not received in evidence, for which reason her counsel claims that defendant is not entitled to have the question reviewed. There is no merit in this contention. While copies of the books themselves are not brought up in the record, plaintiff's witness, over defendant's objection that the same was incompetent, testified fully as to the contents of the books, reading the entries; whereupon her counsel offered the ledger and day-book in evidence and an objection thereto by defendant was by the court overruled.

Our conclusion renders it unnecessary to discuss other objections urged by appellant in support of her contention.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 31, 1922.

All the Justices present concurred.

Myers, J., *pro tem.*, was acting.