DOHMEN, Appellant, vs. ESTATE OF BLUM, Respondent.

*January 6—January 26, 1909.*

*Evidence: Account books: Items of charges for money: Witnesses: Competency: Transactions with persons since deceased: Memoranda: Statutes: Construction.*

1. On the trial of a claim consisting of two items of $150 each for money loaned, filed against a decedent's estate, the claimant's books of account, verified under the calls of sec. 4186, Stats. (1898), are properly excluded, since the items fall within the exception of sec. 4187, excluding entries of items of money delivered at one time exceeding $5.

2. In such case, by reason of the statute rendering the plaintiff incompetent to testify to transactions or communications per-

sonally had with the decedent, plaintiff could not use the books as memoranda to refresh his memory and then testify to the transactions.

3. Neither were such books admissible under sec. 4189, Stats. (1898), since that section refers to entries made in a book not strictly a book of account, and the books were identified as belonging to the class mentioned in sec. 4186, and produced by a party to the cause in his own behalf.

4. In such case, even if one cash item was represented by a written order drawn upon another party indebted to the plaintiff, which was given to the deceased and cashed by him, it is but another method of delivering money to the deceased and within the exception of sec. 4187, Stats. (1898).

[5. Whether the books of account mentioned in sec. 4186, Stats. (1898), properly verified, would in any case be evidence of a loan of money as a separate transaction, not determined.]

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Arthur Cotzhausen,* and for the respondent on the briefs of *John C. Slater.*

Among other references upon the part of the appellant were the following: Secs. 4186, 4187, 4189, Stats. (1898); Jones, Ev. (2d ed.) pp. 718, 719; *Milwaukee T. Co. v. Warren,* 112 Wis. 505, 87 N. W. 801; *Kelley v. Crawford,* 112 Wis. 368, 88 N. W. 296.

Among other references upon the part of the respondent were the following: Sec. 4069, Stats. (1898); *Brader v. Brader,* 110 Wis. 423, 85 N. W. 681; *Winner v. Bauman,* 28 Wis. 563.

TIMLIN, J. The appellant presented in the county court a claim against the estate of John W. Blum for two items of $150 each for money loaned. The claim was disallowed, and upon appeal to the circuit court the cause retried, the latter court again finding against the plaintiff. To prove his claim against the estate of John W. Blum the plaintiff offered in evidence two books of account, one containing the

following entries: "May 26, 1900, paid to Rev. Blum $150; paid to Rev. Blum $150;" the other containing the following entries: "May 26, 1900, borrowed to Rev. Wm. Blum $150; borrowed to Rev. Wm. Blum $150 order on Leroy church." The plaintiff is an architect, who had rendered services in the erection of a new church building for a congregation of which Rev. John W. Blum was pastor. These books of account were verified by the testimony of the plaintiff to the following extent: The books in question were books of account kept by plaintiff. They contained entries referring to John W. Blum, deceased. The entries were made by plaintiff in the usual course of business, contemporaneous with the transactions to which they relate, are the original entries and in the handwriting of the witness, and were true and correct to the best of the knowledge and belief of the witness. This was an attempt to make the books competent evidence under sec. 4186, Stats. (1898), because they were produced by a party to the cause. They were account books and kept for that purpose, and they contained the original entries of charges for goods or other articles delivered; but as to the items in question they fell within the exception of sec. 4187, Stats. (1898), because the entries related to items of money delivered at one time exceeding $5.

By reason of the law rendering the plaintiff incompetent to testify to transactions or communications personally had with Rev. John W. Blum, deceased, the plaintiff could not use the books as memoranda to refresh his memory and then testify to the transaction. The appellant, however, contends that the five-dollar limitation above mentioned does not apply to books admissible under sec. 4189, Stats. (1898), and that under the latter section the books in question were competent evidence. But the books could not come within both sections. Sec. 4189 renders competent only "entries in a book or other permanent form other than those mentioned in secs. 4186 and 4189b." Any book of

the kind mentioned in sec. 4186, produced as there provided, is not made competent by sec. 4189. The latter section refers to a different class of entries made in a book, or other permanent form not strictly a book of account, and made by some person other than the party to the cause, his agent, servant, or clerk in his behalf. The books in question being identified as belonging to the class mentioned in sec. 4186, and having been produced by a party to a cause in his own behalf, were not made competent by sec. 4189. On the other hand, they were expressly excluded by the terms of sec. 4189.

It is further contended that one of the items of $150 was not an item of cash, but is represented by a written order drawn upon another party indebted to the plaintiff, which was given to the deceased and cashed by him. We consider this another mode of delivering money to the deceased similar to a payment by check, and within the statute which declares that such books shall not be admitted as testimony of any item of money delivered at one time exceeding $5.

There being no other evidence sufficient to support the claim of the plaintiff, the circuit court properly ruled in favor of the defendant. It is not intended to commit this court to the view that books of account mentioned in sec. 4186, Stats. (1898), properly verified, would in any case be evidence of a loan of money as a separate transaction, but that question is left undecided.

*By the Court.*—Judgment of the circuit court is affirmed.