ESTATE OF WALLSCHLAEGER.

*September 23—October 20, 1925.*

*Executors and administrators: Claims against estates: Evidence: Declarations of deceased: Vague and indefinite proof insufficient to establish liability: Books of account: What entries admissible: Incompetent witness cannot use entries to refresh recollection.*

1. At the hearing on a claim filed against an estate it appeared that deceased and his brother made cross-conveyances of real estate in 1922, and the claim was alleged to arise because of a difference of $4,000 in the transfer. *Held,* that alleged statements of deceased concerning the said $4,000 were too vague and indefinite and the evidence too uncertain as to whether they were made before or after the deal in 1922 to

Estate of Wallschlaeger, 187 Wis. 640.

sustain a finding of liability against the estate; and a note given in 1910 by claimant to deceased, by its terms void upon the death of the payee, and which on its face had outlawed in 1922, but which was not surrendered or canceled, is not evidence in support of the claim.   p. 644.

2. Under sec. 4186, Stats. 1923 (now sub. (1), sec. 327.24), books of account, when properly proven, are admissible as evidence to show charges for goods or other articles delivered, work, labor, and services performed or materials furnished, but not to establish the balance due for the purchase price of land.   p. 645.

3. Nor were the entries here offered as from books other than account or bank books admissible in evidence under sec. 4189, Stats. 1923 (now sec. 327.25).   p. 645.

4. Though such entries may be used to refresh the recollection of a witness presently competent to testify to the transactions involved, they cannot be used by one party to the transaction after the death of the other over an objection as to the competency of the witness.   p. 646.

5. Books of account kept by a partnership conducting a summer resort would be inadmissible in this case to establish the claim of a surviving partner against the estate of a deceased partner for the balance due on the purchase price of a farm, the transactions between them in carrying on the farm being separate and distinct from the summer-resort business.   p. 646.

APPEAL from a judgment of the county court of Marinette county: ALVIN E. DAVIS, Judge.   *Reversed.*

The claimant, *August G. Wallschlaeger,* respondent here, and the deceased, Albert L. Wallschlaeger, were brothers.

*August* held record title since 1902 of a farm of 160 acres in Marinette county.   The two brothers appear to have held record title for some time to what was used as a summer resort in Oconto county.

On February 4, 1910, *August,* the claimant, signed a promissory note for $7,000 with three per cent. interest, payable on or before five years to Albert, reciting also, "In case of the natural death of A. L. W. this note shall be null and void."   In 1910 Albert left Wisconsin, returning in 1914, when he married and went to live on the 160-acre farm, which he conducted until his death.   From 1914 on,

the claimant, *August,* ran the summer resort, the brothers helping one another at times.

On November 1, 1922, before the same notary public, two warranty deeds in the short statutory form were duly executed and both duly recorded on November 4th; the claimant *August* and his wife conveying the 160-acre farm to Albert, making no mention of personal property, reciting as the consideration the sum of $16,000 and having $16 of United States stamps attached and canceled November 4th. By the other, Albert, the deceased, and his wife conveyed to *August* an undivided one-half interest in the summer-resort property and in the personal property belonging to it. The recited consideration was the sum of $4,000 and it had $4 in canceled United States stamps attached.

On November 17, 1922, Albert died. *August* filed a claim for "$4,000, money loaned by transferring property November 1, 1922. Said money to be paid by note with lien on property transferred drawing interest at five per cent. for five years from November 1, 1923." Another item in such claim is not contested.

At the hearing in June, 1923, the claimant, not himself testifying, offered the two deeds of November 1, 1922, and as proof of claimed admission of liability by deceased of the $4,000 the following:

Theo. Sprout testified that deceased said that the farm stood him $16,000 and that there was something said about $4,000, but he, witness, can't say what it was. He testified that this interview was in the spring of 1922, but again that it was after the purchase of the farm, and that he could not say whether the deceased said he had paid or was to pay the $16,000.

William H. Sargeant told of an interview in November, 1922, in which the deceased said he had bought the farm and that *August* was going to take a mortgage, the amount of which, however, the witness did not remember.

J. H. Scudder discussed about November 12th the purchase of the farm and the deceased spoke of his wish to have a better grade of cows than those then on the farm, but that he could not afford it, he was too much in debt.

William Ziegler, a brother-in-law of the two, was asked by Albert a few days before the deal was settled what he, witness, thought of it, the price of the farm being mentioned, and saying that it would put him, Albert, $4,000 in debt. Both claimant and administratrix then rested.

In the following April the claimant submitted further evidence, including the deposition taken by him of the widow, administratrix, who produced from the papers of the deceased the $7,000 note of 1910 above described. It had no indorsements of payments upon it. The claimant testified to his owning the personal property on the farm and that he took his share away after the brother's death (it being conceded that this was done with the consent of the appellant).

Claimant kept the books of account for the summer resort run as a partnership by himself and deceased. Several items of these books were offered and received into the record, but the books themselves are not made part of the record. Claimant also testified, over objection, that the books did not show any credit for labor to either.

The court found as conclusions of fact that deceased is entitled to credit on the purchase of the farm of the $7,000 note of· February, 1910, *supra,* and that deceased owed claimant $4,000 as balance due on the purchase price, and that there was no clearly established proof of any understanding regarding security for payment of said debt or the terms of settlement thereof. The claim was allowed at $4,000 with interest from date of filing, with costs.

The administratrix appeals from such judgment, and the claimant seeks to review the ruling denying his claim to be a lien on the farm.

*Arold F. Murphy* of Marinette, for the appellant.

For the respondent there was a brief by *Kittell, Jaseph, Young & Everson* of Green Bay, and oral argument by *Lynn D. Jaseph.*

ESCHWEILER, J.    The testimony on the first hearing and as recited above was clearly insufficient to support a finding of a four thousand dollar liability of the estate.    The alleged statements of deceased were too vague and indefinite; too uncertain as to whether made after the deal was consummated and therefore relating to a determined fact, or whether as to mere prior negotiations which would have been merged into or been dropped out of the final contract or as to an understanding made or reached at the time of the cross-conveyances of November 1, 1922.    Neither can the claim be maintained by the evidence presented on the renewed hearing nearly a year afterwards when the $7,000 note of February, 1910, first comes into the case.    On its face, under the statute it was outlawed prior to the deal of November 1, 1922, and in any event was not then surrendered, canceled, or indorsed in any manner, and remained with deceased, and no claim was asserted on it as against the claimant and on behalf of the estate.

The claimant offered certain books of account kept by him in the summer-resort business, which was conducted as a partnership affair by the two brothers.    He made the usual form of proof required as to the entries therein as books of account under sec. 4186, Stats. (now sub. (1), sec. 327.24).    Sufficient objections were interposed to the competency of the witness and to the items themselves to present the points upon which we now rule.

These books showed entries from year to year between 1914 and 1923 of the profit to which each partner was respectively entitled from that business, amounting to a few hundred dollars each year, except that the last entry indicated a loss.

In addition to such annual statements there were received in evidence as under date of December 14, 1924 (being the time when deceased came back into the state and went onto the farm), the following: *"A. G. Wallschlaeger,* Dr. $3,702.02." On the other side, " A. L. W., Cr. $3,702.02." These were followed by this:

*"A. G. Wallschlaeger* conveys by deed an undivided one-half interest to all real estate and personal property belonging to Rost Lake Summer Resort, and both parties agree to continue in business jointly, sharing all profits and losses since Jan. 1, 1914, equally. Consideration is indicated above. A. L. Wallschlaeger assumes all liabilities jointly with *A. G. Wallschlaeger* as shown by the books of this company."

Another item as of November 1, 1922 (the date of the deeds), was:

"Nov. 1st. A. L. W. Dr. $4,000 to A. G. W. Cr. $4,000. A. L. Wallschlaeger and wife transfer their undivided one-half interest in the Rost Lake Summer Resort by deed for a consideration of $4,000, which said amount paid by *A. G. Wallschlaeger* accepting same as part payment for 160-acre farm deeded to A. L. Wallschlaeger."

The objection to this last item was subsequently apparently sustained after direct and cross-examination of the claimant regarding it.

None of the items in these books should have been received, for several reasons. The liability here sought to be asserted was for an alleged balance due for the purchase price of the 160-acre farm. Books of account under sec. 4186, Stats. (now sub. (1), sec. 327.24), when properly proven, are admissible to show charges for goods or other articles delivered, work, labor, and services performed. or materials furnished, but not to establish such a transaction as is here involved.

These were offered as books of account and plainly as those under said sec. 4186, *supra,* rather than as entries in

a book other than account or bank books, such as is mentioned in sec. 4189 (now sec. 327.25, Stats.), for they cannot be admissible under both statutes, as was directly so held in *Dohmen v. Estate of Blum,* 137 Wis. 560, 562, 119 N. W. 349.

The two items quoted above of December, 1914, and November 1, 1922, respectively, as to the beginning and the end of the partnership in the summer resort were recitals of the terms of alleged contracts rather than the entries intended by either of the two statutes above quoted. The situation in that regard is just like that shown in *Hazer v. Streich,* 92 Wis. 505, 66 N. W. 720, where, in the presence of both parties, defendant's wife wrote in his ledger the memorandum of the exchange of a lot of oak for other personal property, and such item was there held inadmissible as independent or original evidence although it might be used to refresh the recollection of some third person also then present and knowing of its being in accord with the contract.

Though such a memorandum might be used to refresh the recollection of a witness presently competent to testify to the transaction involved, as also held in *Schettler v. Jones,* 20 Wis. 412, 417, and *Campbell v. Germania F. Ins. Co.* 163 Wis. 329, 338, 158 N. W. 63, yet such a memorandum cannot be used by one party to an alleged transaction, the other party thereto being now deceased, over such objections as were here interposed to the competency of the witness. It was so held in *Dohmen v. Estate of Blum,* 137 Wis. 560, 562, 119 N. W. 349, *supra,* where the subject is fully discussed and a rule declared from which we see no reason to depart.

Furthermore, the books of account did not involve, so far as the record before us discloses, the transactions between the two brothers in the carrying on of the farm, which was separate and distinct from the summer resort. Neither did

the entries, even if admissible, establish that the deceased owed claimant $4,000.

There being no sufficient evidence in the record for the court's findings, the claim for $4,000 must therefore be disallowed.

*By the Court.*—Judgment reversed, with directions to disallow the claim.